■ PATRICIA GRIFFIN et al., Appellants, v KENNETH J. TE-DALDI, Respondent. [669 NYS2d 378] —In an action, *inter alia,* to recover damages for malicious prosecution, the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated December 12, 1996, as denied that branch of their motion which was to amend or supplement the bill of particulars to include an additional category of damages, and (2) so much of an order of the same court, dated May 8, 1997, as, upon renewal and reargument, adhered to the prior determination.

Ordered that the appeal from the order dated December 12, 1996, is dismissed, as that order was superseded by the order dated May 8, 1997, made upon renewal and reargument; and it is further,

Ordered that the order dated May 8, 1997, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The plaintiffs commenced this action, *inter alia*, to recover damages for malicious prosecution after the defendant commenced an action against them for specific performance of an alleged real estate sales contract. The defendant also filed a notice of pendency of action which prevented the plaintiffs from completing two of four sales contracts with a group of developers who had intended to purchase and develop four separate parcels of the plaintiffs' real property.

In their original bill of particulars, the plaintiffs claimed to have suffered damages in the form of legal fees, real estate taxes paid because they still owned half of the property, mortgage interest, and loss of income on the sales profits. More than seven years after the plaintiffs had served the original bill of particulars in 1989, and two years after they had filed the note of issue in 1994, the plaintiffs moved to amend the bill

of particulars to add, among other items, damages in excess of $550,000, allegedly suffered when, in 1991, they were required to pay off the developers' construction loan as part of an agreement with the developers to terminate the sales contracts for the remaining two parcels. The plaintiffs alleged that such damages, which were incurred after the first bill of particulars was served, were continuing special damages which were the direct result of the defendant's malicious prosecution, and, therefore, they could properly amend or supplement the bill of particulars.

Contrary to the plaintiffs' contention, their agreement to pay the developer's construction loan, as one of the negotiated terms of a termination agreement, was not an amplification of an item of damages previously listed in the original bill of particulars. Therefore, the court properly denied the plaintiffs' request to supplement the bill of particulars with the new category of damages (*see,* CPLR 3043 [b]). Furthermore, since the plaintiffs failed to offer any reasonable excuse for the inordinate delay in seeking to amend the bill of particulars, the court did not improvidently exercise its discretion by denying the alternative request to amend (*see,* CPLR 3025; *Volpe v Good Samaritan Hosp.,* 213 AD2d 398; *see also, Aversa v Taubes,* 194 AD2d 580, 583). Miller, J. P., Altman, Krausman and Luciano, JJ., concur.