(November 29, 1999)

■ NUR AHAMED, Respondent, v 94-11 59TH AVENUE CORPORA-TION, Defendant and Third-Party Plaintiff. THREE BROTHERS CONSTRUCTION CORP., Third-Party Defendant-Appellant. [698 NYS2d 897] —In an action to recover damages for personal injuries, the third-party defendant appeals from so much of an order of the Supreme Court, Kings County (Belen, J.), dated May 14, 1999, as denied its motion, *inter alia*, to strike the plaintiff's supplemental bill of particulars and to preclude the plaintiff from introducing into evidence the claims of new injuries raised therein, or, in the alternative, to remove the case from the trial calendar pending further discovery.

Ordered that the order is modified by deleting the provision thereof which denied those branches of the motion which were (a) to strike the plaintiff's supplemental bill of particulars to the extent that it refers to new injuries of depression, chronic pain syndrome, and injuries to the plaintiff's knee, and to preclude the plaintiff from introducing evidence related thereto, and (b) to remove the case from the trial calendar pending further discovery of the remaining items in the supplemental bill of particulars and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly refused to strike those portions of the supplemental bill of particulars, served without leave of the court, which simply amplified injuries previously set out in the original bill of particulars (*see, Tate v Colabello*, 58 NY2d 84, 86-87; *Rodriguez v Port Auth.*, 147 AD2d 625). However, the Supreme Court erred in refusing to strike those portions of the supplemental bill of particulars which interposed categories of injury not set out in the original bill (*see, Griffin v Tedaldi*, 248 AD2d 438; *Aversa v Taubes*, 194 AD2d 580, 583-584).

The court also erred when it refused to remove the case from

the trial calendar and allow the third-party defendant to conduct further discovery following the service of the supplemental bill of particulars (*see,* CPLR 3043 [b]). Mangano, P. J., Ritter, Joy, McGinity and Smith, JJ., concur.