■ Jayson Johnson et al., Respondents, v Incorporated Village of Freeport, Appellant, et al., Defendant. [756 NYS2d

785] —In an action to recover damages for personal injuries, etc., the defendant Incorporated Village of Freeport appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (McCarty, J.), entered October 2, 2001, as granted the plaintiffs' motion, in effect, for leave to reargue and, upon reargument, vacated a prior order of the same court, dated June 8, 2000, granting its motion for summary judgment dismissing the complaint insofar as asserted against it, and denied that motion.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied, and the order dated June 8, 2000, is reinstated.

The plaintiffs asserted no new or newly-discovered facts on their motion. Accordingly, the motion is properly denominated a motion for reargument (*see Granato v Waldbaum's, Inc.,* 289 AD2d 289 [2001]).

The plaintiffs' motion for reargument was made well after the time to take an appeal from the order dated June 8, 2000, had expired. Accordingly, the motion for reargument was untimely (*see Haughton v F.W.D. Corp.,* 193 AD2d 781 [1993]; *Matter of Zahoudanis,* 289 AD2d 411 [2001]). The order dated June 8, 2000, was a final determination (*see Burke v Crosson,* 85 NY2d 10 [1995]; *Doe v Community Health Plan-Kaiser Corp.,* 268 AD2d 183 [2000]). Thus, the Supreme Court had no discretion to grant an untimely motion for reargument (*cf. Matter of Budihas v Board of Educ. of City of N.Y.,* 285 AD2d 549 [2001]; *Matter of Burns,* 228 AD2d 674 [1996]). Ritter, J.P., Santucci, Goldstein and Mastro, JJ., concur.