■ LISA FUENTES, Respondent, v CITY OF NEW YORK et al., Appellants. [771 NYS2d 178]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Jacobson, J.), dated January 24, 2003, which, inter alia, denied their motion to strike the plaintiff's supplemental bill of particulars and granted the plaintiff's cross motion for leave to amend her bill of particulars.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the cross motion is denied.

The plaintiff's self-labeled "supplemental" bill of particulars was, in reality, an amended bill of particulars, as it sought to add new injuries and a new category of damages (*see Kyong Hi Wohn v County of Suffolk*, 237 AD2d 412 [1997]; *Pearce v Booth Mem. Hosp.*, 152 AD2d 553, 554 [1989]). While leave to amend a bill of particulars is ordinarily to be freely granted in the absence of prejudice and surprise, when leave to amend is sought on the eve of trial, judicial discretion should be exercised in a "discreet, circumspect, prudent and cautious manner" (*Smith v Plaza Transp. Ambulance Serv.*, 243 AD2d 555 [1997]; *see Kyong Hi Wohn v County of Suffolk, supra*). Moreover, where there has been an inordinate delay in seeking leave the plaintiff must establish a reasonable excuse for the delay, and submit an affidavit to establish the merits of the proposed amendment (*see Smith v Plaza Transp. Ambulance Serv., supra; Volpe v Good Samaritan Hosp.*, 213 AD2d 398 [1995]).

Here, the plaintiff failed to provide a satisfactory explanation for the delay in moving, for leave to amend her bill of particulars until eight months after the note of issue was filed. Moreover, she failed to provide an affidavit from a medical expert establishing a nexus between the newly alleged injuries and the subject accident. Thus, the Supreme Court improvidently exercised its discretion in permitting the plaintiff to amend her bill of particulars. Florio, J.P., Krausman, Luciano, Townes and Rivera, JJ., concur.