■ JOSEPH THOMAS ITZKOWITZ, Appellant, v KING KULLEN GROCERY CO., INC., Respondent. [804 NYS2d 350]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Molia, J.), dated June 1, 2004, which, upon reargument, in effect, vacated a prior order of the same court dated January 30, 2004, and denied the plaintiff's prior motion for leave to amend his bill of particulars.

Ordered that the order is affirmed, with costs.

The infant plaintiff commenced this action based on allegations that the defendant negligently permitted a certain baby formula to be sold after its expiration date. The complaint alleges that "as a result of [this] defect in this product . . . plaintiff's consumption of same caused plaintiff severe and permanent injury."

The bill of particulars dated August 10, 2000, refers to gastroenteritis, gastroesophageal reflex, and other injuries. Other than a vague assertion that the infant-plaintiff's "nerves" were "affected," the bill of particulars contained nothing to suggest that the defendant's alleged negligence led to any particular neurological injury. On the eve of trial, the plaintiff sought leave to amend the bill of particulars as to allege a wholly new injury, that is, "diffuse bilateral cerebral dysfunction with underlying focal right cerebral dysfunction."

To obtain the relief requested in his motion, made on the eve of trial, the plaintiff was required to show that the proposed amendment had merit (see Fuentes v City of New York, 3 AD3d 549 [2004]; Dahlin v Paladino, 14 AD3d 647 [2005]; Rosse-Glickman v Beth Israel Med. Ctr.-Kings Highway Div., 309 AD2d 846 [2003]). We agree with the Supreme Court that the plaintiff failed to meet this burden.

There was no competent showing that the neurological condition was causally linked to the plaintiff's consumption of a baby formula allegedly sold after its expiration date. The expert's affirmation that was submitted on behalf of the plaintiff with the apparent purpose of demonstrating such causation "provided no data to indicate the basis for [the expert's] conclusion [and] was speculative, conclusory, and lacking in probative value" (Paladino v Time Warner Cable of N.Y. City, 16 AD3d 646, 648

[2005]; *see also Youthkins v Cascio,* 298 AD2d 386 [2002], *affd* 99 NY2d 638 [2003]). The plaintiff's original motion for leave to amend his bill of particulars should have been denied.

The Supreme Court had jurisdiction to reconsider its prior order "regardless of statutory time limits concerning motions to reargue" (*Liss v Trans Auto Sys.,* 68 NY2d 15, 20 [1986]; *see Aridas v Caserta,* 41 NY2d 1059 [1977]; *cf. Matter of Huie [Furman],* 20 NY2d 568 [1967]; *Johnson v Incorporated Vil. of Freeport,* 303 AD2d 640 [2003]). In addition, the defendant's appeal taken from the Supreme Court's prior order was still pending and unperfected as of the time that the motion for reargument was made. Under these circumstances, the Supreme Court was not bound to deny the defendant's motion to reargue merely because the motion to reargue was made beyond the 30-day limit defined in CPLR 2221 (d) (3) (*see* CPLR 2004; *Liss v Trans Auto Sys., supra* at 20; *Pinto v Pinto,* 308 AD2d 571 [2003]; *Bray v Gluck,* 235 AD2d 72 [1997]; *Matter of Burns,* 228 AD2d 674 [1996]; *see also Marini v Lombardo,* 17 AD3d 545 [2005]; *Garcia v The Jesuits of Fordham,* 6 AD3d 163 [2004]; *Leist v Goldstein,* 305 AD2d 468 [2003]; *Dugas v Bernstein,* 5 Misc 3d 818 [2004]; *cf. Glicksman v Board of Educ./Cent. School Bd. of Comsewogue Union Free School Dist.,* 278 AD2d 364 [2000]; *but see Williams v Church of the Transfiguration,* 7 Misc 3d 553 [2004]; *Kern v City of Rochester,* 3 Misc 3d 948 [2004]).

The plaintiff's remaining contentions are without merit. S. Miller, J.P., Ritter, Rivera and Skelos, JJ., concur.