■ JANE GEORGE et al., Appellants, v FROSTBERG LAND, LLC, et al., Respondents. [900 NYS2d 880]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated January 27, 2009, as denied their cross motion for leave to amend their verified bill of particulars.

Ordered that the order is affirmed insofar as appealed from, with costs.

On May 8, 2006, the injured plaintiff Jane George (hereinafter the plaintiff) tripped and fell while stepping down from a sidewalk onto a parking lot on premises owned by the defendant Frostberg, LLC, and managed by the defendant Premier Property Services, Inc. In or around November 2008, the plaintiffs cross-moved for leave to amend their bill of particulars to allege violations of various building and zoning code provisions and national safety standards, relating, inter alia, to the magnitude of the height differential between the sidewalk and parking lot. It is undisputed that the information underlying such allegations was known to the plaintiff more than two years earlier, as her husband acknowledged that he returned to the accident site within a week of the accident and measured "the height of the curb above said hole." Notably, in her original verified bill of particulars, the plaintiff alleged that she was caused to trip and fall solely as a result of "ruts, cracks, and/or depressions" in the surface of the parking lot.

The Supreme Court providently exercised its discretion in denying the plaintiffs' cross motion for leave to amend their bill of particulars to assert a new theory of liability (*see Arguinzoni*

*v Parkway Hosp.*, 14 AD3d 633 [2005]). The plaintiffs failed to present a reasonable excuse for their inordinate delay in seeking leave to amend or any factual predicate for the newly-asserted theory in the plaintiff's deposition testimony (*see Arguizoni v Parkway Hosp.*, 14 AD3d at 633-634). Dillon, J.P., Santucci, Balkin and Sgroi, JJ., concur.