■ BRANDON GREEN et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [917 NYS2d 313]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated October 8, 2009, which granted the plaintiffs' motion for leave to serve an amended and supplemental bill of particulars and deemed the proposed amended and supplemental bill of particulars served nunc pro tunc.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting that branch of the plaintiffs' motion which was for leave to serve an amended and supplemental bill of particulars insofar as it alleges "post concussion syndrome and neuropsychological impairment" and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with costs to the defendant.

While leave to amend a bill of particulars is ordinarily to be freely given in the absence of prejudice or surprise (*see* CPLR 3025 [b]), when leave is sought on the eve of trial, judicial discretion should be exercised sparingly (*see Torres v Educational Alliance*, 300 AD2d 469, 470 [2002]; *Danne v Otis El. Corp.*, 276 AD2d 581, 582 [2000]; *Reape v City of New York*, 272 AD2d 533 [2000]). Furthermore, where there has been an inordinate delay in seeking leave to amend to include a new injury, the plaintiff must establish a reasonable excuse for the delay and submit an affidavit to establish the merits of the proposed amendment (*see Itzkowitz v King Kullen Grocery Co., Inc.*, 22 AD3d 636, 637 [2005]; *Fuentes v City of New York*, 3 AD3d 549, 550 [2004]; *Smith v Plaza Transp. Ambulance Serv.*, 243 AD2d 555 [1997]). The plaintiffs failed to establish a reasonable excuse for the delay. Further, the purported affirmation of the plaintiffs' expert physician submitted with the purpose of demonstrating that the "post concussion syndrome and neuropsychological impairment secondary to cerebral dysfunction" were causally linked to the infant plaintiff's accident "provided no data to indicate the basis [for the physician's] conclusion [and] was therefore speculative, conclusory, and lacking in probative value" (*Paladino v Time Warner Cable of N.Y. City*, 16 AD3d 646, 648 [2005]; *see Itzkowitz v King Kullen Grocery Co., Inc.*, 22 AD3d at 637; *Youthkins v Cascio*, 298 AD2d 386 [2002], *affd* 99 NY2d 638 [2003]; *Smith v Plaza Transp. Ambulance Serv.*, 243 AD2d 555 [1997]).

Moreover, the plaintiffs failed to show a causal connection between the alleged "post concussion syndrome and neuropsycho-

logical impairment" and the original injuries sustained (*see Daly-Caffrey v Licausi*, 70 AD3d 884, 885 [2010]; *Kyong Hi Wohn v County of Suffolk*, 237 AD2d 412 [1997]; *Simino v St. Mary's Hosp. of Brooklyn, Catholic Med. Ctr. of Brooklyn & Queens*, 107 AD2d 800 [1985]). Notably, these new injuries had not been mentioned previously and did not appear in any prior medical records (*see Daly-Caffrey v Licausi*, 70 AD3d at 885; *Kraycar v Monahan*, 49 AD3d 507 [2008]). Accordingly, that branch of the plaintiffs' motion which was for leave to serve an amended and supplemental bill of particulars insofar as it alleges "post concussion syndrome and neuropsychological impairment" should have been denied.

The remaining branches of the plaintiffs' motion, however, were properly granted. Rivera, J.P., Florio, Dickerson, Hall and Roman, JJ., concur.