■ Ana Canals, Appellant, v Andrew Lai et al., Respondents. [17 NYS3d 311]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Greco, Jr., J.), entered August 4, 2014, as denied that branch of her motion which was for leave to serve an amended bill of particulars.

Ordered that the order is affirmed insofar as appealed from, with costs.

While leave to amend a bill of particulars is ordinarily to be freely given in the absence of prejudice or surprise (*see* CPLR 3025 [b]), when leave is sought on the eve of trial, judicial discretion should be exercised sparingly (*see Green v New York City Hous. Auth.*, 81 AD3d 890, 891 [2011]; *Torres v Educational Alliance*, 300 AD2d 469, 470 [2002]). Furthermore, where there has been an inordinate delay in seeking leave to amend to

include a new injury, a plaintiff must establish a reasonable excuse for the delay and show that the proposed amendment has merit (*see Green v New York City Hous. Auth.*, 81 AD3d at 891; *Mercado v Moss*, 35 AD3d 553, 554 [2006]; *Itzkowitz v King Kullen Grocery Co., Inc.*, 22 AD3d 636, 637 [2005]).

Here, the plaintiff failed to proffer a reasonable excuse for the delay in moving for leave to serve an amended bill of particulars until two years after the note of issue had been filed. The excuse of law office failure proffered by the plaintiff's attorney for the first time in a reply affirmation was not properly before the Supreme Court and, in any event, did not rise to the level of a reasonable excuse (*see CPLR 2214; Fenner v County of Nassau*, 80 AD3d 555, 556 [2011]; *Bowman v Kusnick*, 35 AD3d 643, 644 [2006]; *Parkin v Ederer*, 27 AD3d 633 [2006]). Furthermore, the plaintiff failed to establish, through admissible medical evidence, that the new injuries were caused by the subject accident (*see CPLR 2215; Grasso v Angerami*, 79 NY2d 813, 814-815 [1991]; *Itzkowitz v King Kullen Grocery Co., Inc.*, 22 AD3d at 637; *Fuentes v City of New York*, 3 AD3d 549, 550 [2004]) or that there was a causal connection between the new injuries and the original injuries alleged (*see Daly-Caffrey v Licausi*, 70 AD3d 884, 885 [2010]; *Kyong Hi Wohn v County of Suffolk*, 237 AD2d 412, 413 [1997]; *Simino v St. Mary's Hosp. of Brooklyn, Catholic Med. Ctr. of Brooklyn & Queens*, 107 AD2d 800, 801 [1985]).

The plaintiff's remaining contention is not properly before this Court.

Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for leave to serve an amended bill of particulars. Rivera, J.P., Dickerson, Maltese and LaSalle, JJ., concur.