■ BALROOP BUNDHOO, as Personal Needs and Property Management Guardian of SEELOCHANIE BUNDHOO, Respondent, v WENDY's et al., Appellants. [60 NYS3d 58]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Queens County (Velasquez, J.), entered January 23, 2015, as denied those branches of their motion which were to vacate the note of issue and, in effect, to compel the plaintiff to provide certain discovery and to compel an independent medical examination of Seelochanie Bundhoo, and (2) so much of an order of the same court entered July 7, 2015, as denied that branch of their motion which was for leave to reargue that branch of their prior motion which was to vacate the note of issue, and, in effect, upon granting that branch of their motion which was for leave to reargue those branches of their prior motion which were, in effect, to compel the plaintiff to provide certain discovery and to compel an independent medical examination of Seelochanie Bundhoo, adhered to its original determination denying those branches of their prior motion.

Ordered that the appeal from so much of the order entered January 23, 2015, as denied those branches of the defendants' motion which were, in effect, to compel the plaintiff to provide certain discovery and to compel an independent medical examination of Seelochanie Bundhoo is dismissed, as that portion of the order was superseded by so much of the order entered July 7, 2015, as was, in effect, made upon reargument; and it is further,

Ordered that the appeal from so much of the order entered July 7, 2015, as denied that branch of the defendants' motion which was for leave to reargue that branch of their prior motion which was to vacate the note of issue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered January 23, 2015, is affirmed insofar as reviewed; and it is further,

Ordered that the order entered July 7, 2015, is modified, on the facts and in the exercise of discretion, by deleting the provision thereof, in effect, upon reargument, adhering to so much of the determination in the order entered January 23, 2015, as denied that branch of the defendants' motion which was, in effect, to compel an independent medical examination of Seelochanie Bundhoo, and substituting therefor provisions, upon reargument, vacating that portion of the order entered January 23, 2015, and, thereupon, granting that branch of the defendants' motion; as so modified, the order entered July 7, 2015, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

In 2012, Seelochanie Bundhoo (hereinafter Mrs. Bundhoo) commenced this action to recover damages for injuries she contends she sustained in June 2010 when she slipped and fell in a parking lot owned by the defendant Wendy's and operated by the defendant Briad Wenco, LLC. Mrs. Bundhoo alleged that she was rendered incapacitated as a result of the incident, and subsequently, Balroop Bundhoo (hereinafter the plaintiff), who had been appointed by the Surrogate's Court, Queens County, as guardian of the person and property of Mrs. Bundhoo, was substituted as the plaintiff.

On October 17, 2013, the Supreme Court issued a preliminary conference order, on the parties' consent, which, among other things, set a date for Mrs. Bundhoo's deposition at a location to be determined and provided that an independent medical examination (hereinafter IME) of Mrs. Bundhoo was to be held within 45 days of the completion of that deposition. The preliminary conference order directed the plaintiff's attorney to either produce Mrs. Bundhoo for the deposition and the IME, or submit an affirmation stating that Mrs. Bundhoo would not testify at trial or submit an affidavit in opposition to any motion for summary judgment. Mrs. Bundhoo's deposition did not occur on the date scheduled, but the plaintiff's attorney did not provide the requisite affirmation to the defendants' counsel.

In February 2014, the Supreme Court held a compliance conference and ordered Mrs. Bundhoo's deposition to be held on March 20, 2014, to the extent Mrs. Bundhoo was available. The compliance conference order also ordered that an IME of Mrs. Bundhoo would occur after her deposition, and directed the plaintiff to serve and file a note of issue and certificate of readiness by a specified date.

On July 8, 2014, the plaintiff served and filed a note of issue and certificate of readiness within the timetable set by the compliance conference order. On October 23, 2014, the defendants moved, inter alia, to vacate the note of issue and, in effect, to compel the plaintiff to provide certain discovery and to compel an IME of Mrs. Bundhoo. In an order entered January 23, 2015, the Supreme Court, inter alia, denied those branches of the defendants' motion which were to vacate the note of issue and, in effect, denied that branch of their motion which was to compel the plaintiff to provide certain discovery and to compel an IME of Mrs. Bundhoo. However, the court ordered counsel for the plaintiff to comply with so much of the preliminary conference order as required him to submit the affirma-

tion if no deposition of Mrs. Bundhoo was held. Counsel for the plaintiff again failed to submit such affirmation.

Thereafter, the defendants moved for leave to reargue those branches of their prior motion which were to vacate the note of issue and, in effect, to compel the plaintiff to provide certain discovery and to compel an IME of Mrs. Bundhoo, on the ground that a significant amount of discovery remained outstanding. In an order entered July 7, 2015, the Supreme Court, inter alia, denied that branch of the defendants' motion which was for leave to reargue that branch of their prior motion which was to vacate the note of issue. The court, in effect, granted that branch of the defendants' motion which was for leave to reargue those branches of their prior motion which were, in effect, to compel the plaintiff to provide certain discovery and to compel an IME of Mrs. Bundhoo and, upon reargument, adhered to its prior determination denying those branches of their motion. The defendants appeal.

The Supreme Court properly denied that branch of the defendants' motion which was to vacate the note of issue four months after it had been served. Pursuant to 22 NYCRR 202.21 (e), any party to an action may, within 20 days of service of the note of issue and certificate of readiness, move to vacate the note of issue upon an affidavit demonstrating that the case is not ready for trial (see 22 NYCRR 202.21 [e]). However, after the 20-day period has expired, no such motion shall be allowed except for good cause shown (see 22 NYCRR 202.21 [e]).

Here, the defendants neither timely filed their motion, as it was made approximately four months after service of the note of issue, nor demonstrated good cause for their failure to timely make the motion (see Allen v Hiraldo, 144 AD3d 434, 434-435 [2016]; Kelley v Zavalidroga, 55 AD3d 1391 [2008]). Moreover, although a court, on its own motion may, at any time, vacate a note of issue if it appears that a material fact in the certificate of readiness is incorrect or that the certificate of readiness fails to comply with the requirements of 22 NYCRR 202.21 in some material respect (see 22 NYCRR 202.21 [e]), here, the defendants did not demonstrate either that a material fact in the certificate of readiness was incorrect or that the certificate of readiness failed to comply with the rule in some material respect.

Nonetheless, the Supreme Court improvidently exercised its discretion in, upon reargument, denying that branch of the defendants' motion which was, in effect, to compel an IME of Mrs. Bundhoo, as that IME had previously been ordered but had not occurred (see 22 NYCRR 202.21 [d]; see also Portilla v

*Law Offs. of Arcia & Flanagan*, 125 AD3d 956 [2015]; *Harris v Erfurt*, 122 AD3d 1155 [2014]).

The defendants' remaining contention is without merit. Dillon, J.P., Roman, Hinds-Radix and Duffy, JJ., concur.