Campbell v Dwyer (2020 NY Slip Op 03890)





Campbell v Dwyer


2020 NY Slip Op 03890


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2019-10691
2019-10692
 (Index No. 68129/14)

[*1]Lukelyn Campbell, appellant,
v
Denval Dwyer, respondent.


Sacco & Fillas, LLP, Astoria, NY (Albert R. Matuza, Jr., of counsel), for appellant.
Henderson & Brennan, White Plains, NY (Brian C. Henderson of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Nicholas Colabella, J.H.O.), dated August 22, 2019, and (2) an order of the same court dated August 29, 2019. The order dated August 22, 2019, denied the plaintiff's motion pursuant to CPLR 5015(a)(1) to vacate an order of the same court dated August 6, 2018, directing dismissal of the action pursuant to 22 NYCRR 202.27, and to restore the action to the trial calendar. The order dated August 29, 2019, in effect, denied the same relief.
ORDERED that the appeal from the order dated August 22, 2019, is dismissed, as that order was superseded by the order dated August 29, 2019; and it is further,
ORDERED that the order dated August 29, 2019, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondent.
In 2014, the plaintiff commenced this personal injury action to recover damages that he allegedly sustained when he was struck by a kitchen cabinet door in the basement apartment where he was staying. The plaintiff filed a note of issue. After the trial date was adjourned several times, by order dated May 23, 2017, the Supreme Court directed dismissal of the action pursuant to 22 NYCRR 202.27 based upon the plaintiff's failure to proceed. On May 1, 2018, the plaintiff moved, in effect, to vacate the May 23, 2017, dismissal order and to restore the action to the trial calendar. The plaintiff's motion was granted, and a trial date was set for August 6, 2018.
On August 6, 2018, the plaintiff sought, in effect, leave to amend his bill of particulars, to mark the case off the trial calendar, and to schedule further discovery with respect to certain newly-claimed injuries. After the Supreme Court denied the plaintiff's application, the plaintiff refused to proceed with the trial, and the court issued an order dated August 6, 2018, directing dismissal of the action pursuant to 22 NYCRR 202.27. Almost a year later, without leave of court, the plaintiff served the defendant with a document titled "supplemental bill of particulars," [*2]which was, in actuality, an amended bill of particulars.
On August 7, 2019, the plaintiff moved pursuant to CPLR 5015(a)(1) to vacate the August 6, 2018, dismissal order and to restore the action to the trial calendar. On August 22, 2019, after hearing oral arguments, the Supreme Court denied the plaintiff's motion. By order dated August 29, 2019, the court, in effect, denied the same relief. The plaintiff appeals.
Pursuant to 22 NYCRR 202.27, a court may dismiss an action when a plaintiff fails or refuses to proceed to trial at the call of the calendar (see Melendez v Stack, 171 AD3d 726, 728; Guttilla v Peppino's Food, Inc., 125 AD3d 604, 605; Aydiner v Grosfillex, Inc., 111 AD3d 589, 589). In order to be relieved of that default, a plaintiff must demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action (see CPLR 5015[a][1]; SS Charmer Corp. v First Natl. Bank of Long Is., 172 AD3d 1423, 1424; Guttilla v Peppino's Food, Inc., 125 AD3d at 605; Frey v Chiou, 94 AD3d 810, 811).
Here, the plaintiff failed to demonstrate a reasonable excuse for his failure to proceed to trial at the call of the calendar. Contrary to the plaintiff's contention, the case was not marked off the trial calendar pursuant to CPLR 3404, but rather was dismissed pursuant to 22 NYCRR 202.27, and the amended bill of particulars served upon the defendant, without leave of court, subsequent to the action's dismissal was a nullity (see Salgado v Town Sports Intl., 73 AD3d 898, 899; Gaisor v Gregory Madison Ave., LLC, 13 AD3d 58, 60; Bartkus v New York Methodist Hosp., 294 AD2d 455). Furthermore, the plaintiff did not demonstrate that his application, in effect, for leave to amend his bill of particulars to include new injuries, which was made on the eve of trial, had any merit (see Canals v Lai, 132 AD3d 626, 627; Green v New York City Hous. Auth., 81 AD3d 890, 891; Daly-Caffrey v Licausi, 70 AD3d 884, 885).
Since the plaintiff failed to demonstrate a reasonable excuse, this Court need not consider whether he demonstrated a potentially meritorious cause of action (see Option One Mtge. Corp. v Rose, 164 AD3d 1251, 1253; Stein v Doukas, 157 AD3d 743, 744).
Accordingly, we agree with the Supreme Court's determination denying the plaintiff's motion to vacate the August 6, 2018, dismissal order (see Geffner v Mercy Med. Ctr., 167 AD3d 574, 574-575).
LEVENTHAL, J.P., MILLER, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court