Cesarz v O'Reilly (2021 NY Slip Op 03302)





Cesarz v O'Reilly


2021 NY Slip Op 03302


Decided on May 26, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-13398
2019-01137
 (Index No. 66960/16)

[*1]Angela Cesarz, appellant, 
v
Barbara O'Reilly, et al., respondents, et al., defendant.


Alexander Bespechny, Bronx, NY (Louis A. Badolato of counsel), for appellant.
Vouté, Lohrfink, Magro & McAndrew, LLP, White Plains, NY (David N. Schreiber of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Joan B. Lefkowitz), dated October 29, 2018, and (2) an order of the same court dated January 7, 2019. The order dated October 29, 2018, denied the plaintiff's motion to vacate the note of issue and certificate of readiness and for leave to serve an amended bill of particulars. The order dated January 7, 2019, denied the plaintiff's motion for leave to renew her prior motion to vacate the note of issue and certificate of readiness and for leave to serve an amended bill of particulars.
ORDERED that the orders are affirmed, with costs.
In November 2016, the plaintiff, Angela Cesarz, commenced this action to recover damages for injuries she allegedly sustained as a result of a motor vehicle accident. In her bill of particulars, the plaintiff alleged injuries to her knees, cervical spine, lumbar spine, and thoracic spine. In February 2018, the plaintiff filed her note of issue and certificate of readiness. Seven months later, the plaintiff moved to vacate the note of issue and certificate of readiness and for leave to serve an amended bill of particulars to include a new injury. In an order dated October 29, 2018, the Supreme Court denied the plaintiff's motion. Thereafter, the plaintiff moved for leave to renew her prior motion. In order dated January 7, 2019, the court denied that motion. The plaintiff appeals.
The Supreme Court properly denied that branch of the plaintiff's motion which was to vacate the note of issue and certificate of readiness. The motion was untimely and the plaintiff did not demonstrate unusual or unanticipated circumstances warranting vacatur of the note of issue (see Reardon v Macy's, Inc., 191 AD3d 712, 714; 22 NYCRR 202.21[d], [e]).
The Supreme Court did not improvidently exercise its discretion in denying that branch of the plaintiff's motion which was for leave to serve an amended bill of particulars. "[W]here there has been an inordinate delay in seeking leave to amend to include an new injury, a plaintiff must establish a reasonable excuse for the delay and show that the proposed amendment has merit" (Canals v Lai, 132 AD3d 626, 626-627; see Green v New York City Hous. Auth., 81 AD3d 890, 891). Here, the plaintiff failed to establish a reasonable excuse for the delay or the merits of [*2]the proposed amendment.
The Supreme Court also properly denied the plaintiff's motion for leave to renew the prior motion, as she failed to present any new facts that would change the prior determination (see CPLR 2221[e]; Unkechaug Indian Nation v Treadwell, 192 AD3d 729, 734).
DILLON, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court