Matter of Demetriou (2021 NY Slip Op 04353)





Matter of Demetriou


2021 NY Slip Op 04353


Decided on July 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2019-13229

[*1]In the Matter of Frosso Demetriou, deceased. Helen Aliano, appellant; James Demetriou, et al., respondents. (File Nos. 359448C/E/F)


Robert J. Aliano, Cold Spring Harbor, NY, for appellant.
Rossi, Crowley, Sancimino & Kilgannon, LLP, Douglaston, NY (Timothy Kilgannon of counsel), for respondent James Demetriou.
Comerford & Dougherty, LLP, Garden City, NY (Maureen Dougherty of counsel), for respondent George Demetriou.



DECISION & ORDER
In a probate proceeding in which Helen Aliano, as co-executor of the estate of Frosso Demetriou, petitioned pursuant to SCPA 2103 to discover property allegedly withheld from the estate, and in which James Demetriou petitioned, as attorney-in-fact and as co-executor of the estate, for an accounting, Helen Aliano appeals from an order of the Surrogate's Court, Nassau County (Margaret C. Reilly, S.), dated September 16, 2019. The order, insofar as appealed from, denied those branches of the motion of Helen Aliano which were (1) for summary judgment dismissing the claim in the two accounting proceedings that a $108,555.17 loan was made to her by the decedent for which she must reimburse the estate, (2) for leave to amend her objections in the two accounting proceedings, inter alia, to include a statute of frauds defense, and (3) to vacate the notes of issue and certificates of readiness filed in the two accounting proceedings.
ORDERED that the order is affirmed insofar as appealed from, with costs payable by the appellant personally.
Frosso Demetriou (hereinafter the decedent), a resident of Nassau County, died in March 2009, survived by her three adult children: James Demetriou, George Demetriou, and Helen Aliano. The decedent's will was admitted to probate, and letters testamentary were issued to James and Helen, as co-executors. Helen commenced a discovery proceeding pursuant to SCPA 2103, and James commenced an accounting proceeding as co-executor of the estate, and a separate accounting proceeding as attorney-in-fact for the decedent.
Helen filed objections in the accounting proceedings, including, as relevant here, an objection to a claim that a $108,555.17 loan was made to her by the decedent for which she must reimburse the estate (hereinafter the loan claim). The parties agree that in 2005, James, acting as attorney-in-fact for the decedent, closed one of the decedent's bank accounts, was issued a bank check for the balance of the account, and thereafter, in or about March 2006, endorsed the check to Helen. Helen contends that the money was intended for the cost of renovations to her home, made [*2]for the benefit of the decedent, so that the decedent could live with her. James contends that the check represented a loan, and that Helen agreed to "slowly reimburse the estate" for the "full amount" of the loan.
On or about April 2, 2019, James filed a note of issue and certificate of readiness in each of the accounting proceedings. On or about April 15, 2019, Helen moved, inter alia, (1) for summary judgment dismissing the loan claim in the two accounting proceedings, (2) for leave to amend her objections in the accounting proceedings, inter alia, to include a statute of frauds defense, and (3) to vacate the notes of issue and certificates of readiness filed in the accounting proceedings. In an order dated September 16, 2019, the Surrogate's Court denied those branches of Helen's motion.
The Surrogate's Court properly determined that Helen failed to meet her prima facie burden in moving for summary judgment, which required denial of that branch of her motion (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). In support of that branch of her motion, Helen improperly sought to rely primarily upon gaps in James's proof of the existence of a loan agreement, which was insufficient to satisfy her burden as the moving party of demonstrating her prima facie entitlement to judgment as a matter of law (see Quantum Corporate Funding, Ltd. v Ellis, 126 AD3d 866, 871; River Ridge Living Ctr., LLC v ADL Data Sys., Inc., 98 AD3d 724, 724). Helen's argument that James in effect admitted that there was not a meeting of the minds as to the essential elements of the purported loan agreement was not supported by the evidence, and therefore, Helen failed to demonstrate her entitlement to summary judgment on that ground (see Kramer v Greene, 142 AD3d 438, 440). Helen also failed to demonstrate her entitlement to summary judgment on the ground that the purported loan was unenforceable pursuant to General Obligations Law § 5-701 or § 5-703(1), or pursuant to Estates Powers and Trusts Law § 13-2.3. Helen failed to demonstrate, prima facie, that: there was absolutely no possibility in fact and law that the purported loan could be repaid before the end of a lifetime (see General Obligations Law § 5-701; Cron v Hargro Fabrics, 91 NY2d 362, 366; Morrone v Costagliola, 151 AD3d 1055, 1056; JNG Constr., Ltd. v Roussopoulos, 135 AD3d 709, 710), the purported loan involved a conveyance of an interest in real property (see General Obligations Law § 5-703; cf. Moon v Moon, 6 AD3d 796, 797-798), and the purported loan agreement involved an assignment of an interest in an estate (see EPTL 13-2.3).
The Surrogate's Court did not err in denying that branch of Helen's motion which was for leave to amend her objections in the accounting proceedings on the ground that she failed to comply with the procedural requirements of CPLR 3025(b) by failing to include the proposed amended objections "clearly showing the changes or additions to be made" (CPLR 3025[b]; see Mendoza v Enchante Accessories, Inc., 185 AD3d 675, 679; G4 Noteholder, LLC v LDC Props., LLC, 153 AD3d 1326, 1327). Nor did the court improvidently exercise its discretion in denying that branch of the motion, as the substantive amendments proposed by Helen were patently devoid of merit (cf. Krigsman v Cyngiel, 130 AD3d 786, 787; Marcum, LLP v Silva, 117 AD3d 917, 918).
The Surrogate's Court also properly determined that Helen failed to demonstrate that the notes of issue should be vacated, as she did not demonstrate either that a material fact in the certificates of readiness was incorrect, or that the certificates of readiness failed to comply with the requirements of 22 NYCRR 202.21 in some material respect (see 22 NYCRR 202.21[e]; Bundhoo v Wendy's, 152 AD3d 734, 737; Suarez v Shapiro Family Realty Assoc., LLC, 149 AD3d 526, 527).
CHAMBERS, J.P., MILLER, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court