Blumenthal v 1979 Marcus Ave. Assoc., LLC (2022 NY Slip Op 02107)





Blumenthal v 1979 Marcus Ave. Assoc., LLC


2022 NY Slip Op 02107


Decided on March 30, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.


2020-01265
 (Index No. 600578/18)

[*1]Robin Blumenthal, appellant, 
v
1979 Marcus Avenue Associates, LLC, respondent.


Gruenberg Kelly Della, Ronkonkoma, NY (Zachary M. Beriloff of counsel), for appellant.
McCarthy & Associates, Melville, NY (Marianne Arcieri of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (John M. Galasso, J.), entered January 22, 2020. The order denied the plaintiff's motion for leave to amend the bill of particulars.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendant in January 2018 to recover damages for personal injuries she allegedly sustained on October 11, 2017, after tripping while exiting a parking garage doorway. The property where the accident occurred was owned by the defendant. In the bill of particulars, the plaintiff alleged that the accident occurred due to the defendant's negligence in maintaining the walkway free from a tripping hazard, and that as a result of her fall, she sustained a fractured elbow and sprained knee. The plaintiff thereafter testified during an October 25, 2018 deposition that her fall occurred after her right foot had become caught in a crack in the sidewalk ramp, and that, while the lighting conditions in the subject area were "dim," she was able to see the ground in front of her. Furthermore, the plaintiff testified that on January 3, 2018, she began seeing Esther Lipstein, a rheumatologist, due to pain "[a]ll over [her] body," and that Lipstein subsequently diagnosed her with fibromyalgia, which Lipstein told the plaintiff could have been the result of trauma.
On or about February 25, 2019, the plaintiff filed a note of issue and certificate of readiness, after which the matter was placed on the Supreme Court's trial calendar. By notice of motion dated October 21, 2019, the plaintiff moved for leave to amend the bill of particulars to add a new theory of liability—that her injuries were caused by "bad or dim lighting"—and a new claim of injury—"traumatically induced fibromyalgia." The defendant opposed the motion.
By order entered January 22, 2020, the Supreme Court denied the plaintiff's motion for leave to amend the bill of particulars to add the new injury and the new theory of liability. The plaintiff appeals.
The Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to amend the bill of particulars to allege the new injury. [*2]"While leave to amend a bill of particulars is ordinarily to be freely given in the absence of prejudice or surprise" (Kirk v Nahon, 160 AD3d 823, 824; see CPLR 3025[b]), "once discovery has been completed and the case has been certified as ready for trial, [a] party will not be permitted to amend the bill of particulars except upon a showing of special and extraordinary circumstances" (Schreiber-Cross v State of New York, 57 AD3d 881, 884 [internal quotation marks omitted]; see King v Marwest, LLC, 192 AD3d 874, 875; Anonymous v Gleason, 175 AD3d 614, 617-618). "[W]here the application for leave to amend is made long after the action has been certified for trial, 'judicial discretion in allowing such amendments should be discrete, circumspect, prudent, and cautious'" (Morris v Queens Long Is. Med. Group, P.C., 49 AD3d 827, 828, quoting Clarkin v Staten Is. Univ. Hosp., 242 AD2d 552, 552; see Lennon v 56th & Park [NY] Owner, LLC, 199 AD3d 64, 73; Rodgers v New York City Tr. Auth., 109 AD3d 535). Moreover, "'[w]here there has been an inordinate delay in seeking leave to amend to include a[ ] new injury, a plaintiff must establish a reasonable excuse for the delay and show that the proposed amendment has merit'" (Cesarz v O'Reilly, 194 AD3d 1007, 1008, quoting Canals v Lai, 132 AD3d 626, 626-627; see Green v New York City Hous. Auth., 81 AD3d 890).
Here, the plaintiff has failed to provide a sufficient explanation for the delay in moving for leave to amend the bill of particulars until approximately eight months after the note of issue was filed (see King v Marwest, LLC, 192 AD3d at 876; Fuentes v City of New York, 3 AD3d 549, 550). Moreover, the medical records relied upon by the plaintiff were insufficient to establish that the proposed amendment has merit, as the records were expressly limited to mere conclusory statements relating the injury to the accident (see Green v New York City Hous. Auth., 81 AD3d at 891).
Similarly, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to amend the bill of particulars to allege the new theory of liability. Where a plaintiff seeks to allege new theories of liability on the eve of trial, "the court should consider how long the party seeking the amendment was aware of the facts upon which the motion was predicated, whether a reasonable excuse for the delay was offered, and whether prejudice resulted therefrom" (Moore v Franklin Hosp. Med. Ctr.-N. Shore-Long Is. Jewish Health Sys., 155 AD3d 945, 946). Here, the factual circumstances alleged in the proposed amendment had been known to the plaintiff well before discovery had been completed and the note of issue served, but she failed to provide a reasonable excuse for her delay in seeking the amendment (see Kirk v Nahon, 160 AD3d at 824; George v Frostberg Land, LLC, 72 AD3d 739, 740), and the proposed amendment is prejudicial to the defendant (see Scopelliti v Westmed Med. Group, 193 AD3d 1009, 1012; Anonymous v Gleason, 175 AD3d at 618).
Accordingly, the Supreme Court properly denied the plaintiff's motion to amend the bill of particulars to allege the new injury and the new theory of liability.
IANNACCI, J.P., MILLER, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court