Naftaliyev v GGP Staten Is. Mall, LLC (2022 NY Slip Op 02556)

Naftaliyev v GGP Staten Is. Mall, LLC

2022 NY Slip Op 02556

Decided on April 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2020-00532
 (Index No. 151260/17)

[*1]Larisa Naftaliyev, et al., respondents,
v
GGP Staten Island Mall, LLC, appellant, et al., defendants.

Kiernan Trebach, LLP, New York, NY (Alan R. Levy of counsel), for appellant.
Law Office of Yuriy Prakhin, P.C., Brooklyn, NY (Simon Q. Ramone of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant GGP Staten Island Mall, LLC, appeals from an order of the Supreme Court, Richmond County (Judith N. McMahon, J.), dated December 19, 2019. The order, insofar as appealed from, denied those branches of that defendant's motion which were to strike the plaintiffs' supplemental bill of particulars dated May 9, 2019, and to strike an affirmation of the plaintiffs' expert.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant GGP Staten Island Mall, LLC, which was to strike the plaintiffs' supplemental bill of particulars dated May 9, 2019, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
On March 13, 2017, the plaintiff Larisa Naftaliyev (hereinafter the injured plaintiff) allegedly sustained personal injuries when she tripped and fell in a parking lot at the Staten Island Mall (hereinafter the subject accident). The injured plaintiff, and her husband suing derivatively, commenced this action against, among others, the defendant GGP Staten Island Mall, LLC (hereinafter GGP), the owner of the Staten Island Mall.
The plaintiffs' bill of particulars and a supplemental bill of particulars dated July 11, 2018, alleged, inter alia, injuries to the injured plaintiff's right elbow, right wrist, right knee, and back as a result of the subject accident. After filing a note of issue and certificate of readiness, the plaintiffs served what they denominated a "supplemental bill of particulars" dated May 9, 2019. Therein, the plaintiffs alleged that, as a result of the subject accident, the injured plaintiff sustained injuries to her left lower extremity, left ankle, and left foot. At her deposition, the injured plaintiff testified that, on September 17, 2017, approximately six months after the subject accident, she had injured, among other things, her left ankle while descending steps (hereinafter the second accident). According to the injured plaintiff, with regard to the second accident, although she "attempted" to "stop the fall with [her] right hand," her "right hand was pretty weak" and she "could not break the fall."
GGP moved, inter alia, to strike the supplemental bill of particulars dated May 9, 2019, as well as an expert affirmation proffered by the plaintiffs dated October 1, 2019. In an order dated December 19, 2019, the Supreme Court, among other things, denied those branches of GGP's motion. GGP appeals.
Contrary to the plaintiffs' contention, the document that they denominated a "supplemental bill of particulars" dated May 9, 2019, was, in reality, an amended bill of particulars, as they sought to add new injuries (see CPLR 3043[b]; Kirk v Nahon, 160 AD3d 823, 824; Jurado v Kalache, 93 AD3d 759, 760-761; Fuentes v City of New York, 3 AD3d 549, 550; Dalrymple v Koka, 295 AD2d 469). Accordingly, the Supreme Court erred in denying that branch of GGP's motion which was to strike the amended bill of particulars dated May 9, 2019, denominated as a supplemental bill of particulars, which was served without leave of court and after the note of issue had been filed (see Salgado v Town Sports Intl., 73 AD3d 898, 899; Elkrichi v Flushing Hosp. Med. Ctr., Inc., 293 AD2d 706, 707; Ahamed v 94-11 59th Ave. Corp., 266 AD2d 486, 486).
The plaintiffs did not request leave to amend the bill of particulars before the Supreme Court, and thus, any request for such relief is not properly before this Court on appeal.
The parties' remaining contentions are without merit.
BARROS, J.P., RIVERA, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court