Naftaliyev v GGP Staten Is. Mall, LLC (2025 NY Slip Op 03579)

Naftaliyev v GGP Staten Is. Mall, LLC

2025 NY Slip Op 03579

Decided on June 11, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 11, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2022-05051 
2022-10547
 (Index No. 151260/17)

[*1]Larisa Naftaliyev, et al., respondents,
v
GGP Staten Island Mall, LLC, appellant, et al., defendants.

Kiernan Trebach, LLP, New York, NY (Afaf "Faye" Sulieman of counsel), for appellant.
Law Office of Yuriy Prakhin, P.C., Brooklyn, NY, for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant GGP Staten Island Mall, LLC, appeals from (1) an order of the Supreme Court, Richmond County (Judith N. McMahon, J.), dated June 6, 2022, and (2) an order of the same court dated November 4, 2022. The order dated June 6, 2022, insofar as appealed from, sua sponte, vacated the note of issue and directed the plaintiffs to move for leave to amend the bill of particulars. The order dated November 4, 2022, insofar as appealed from, denied the motion of the defendant GGP Staten Island Mall, LLC, to vacate so much of the order dated June 6, 2022, as, sua sponte, vacated the note of issue and directed the plaintiffs to move for leave to amend the bill of particulars, granted the plaintiffs' motion for leave to serve an amended bill of particulars, and denied the cross-motion of the defendant GGP Staten Island Mall, LLC, inter alia, to strike an affirmation of Dmitriy Grinshpun.
ORDERED that the appeal from so much of the order dated June 6, 2022, as, sua sponte, vacated the note of issue and directed the plaintiffs to move for leave to amend the bill of particulars is dismissed, as no appeal lies as of right from a portion of an order that does not decide a motion made on notice (see CPLR 5701[a]), and leave to appeal has not been granted; and it is further,
ORDERED that the order dated November 4, 2022, is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof denying the motion of the defendant GGP Staten Island Mall, LLC, to vacate so much of the order dated June 6, 2022, as, sua sponte, vacated the note of issue and directed the plaintiffs to move for leave to amend the bill of particulars, and substituting therefor a provision granting that motion, and (2) by deleting the provision thereof granting the plaintiffs' motion for leave to serve an amended bill of particulars, and substituting therefor a provision denying that motion; as so modified, the order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant GGP Staten Island Mall, LLC, payable by the plaintiffs.
On March 13, 2017, the plaintiff Larisa Naftaliyev (hereinafter the injured plaintiff) allegedly sustained personal injuries when she tripped and fell in a parking lot at the Staten Island Mall (hereinafter the subject accident). The injured plaintiff, and her husband suing derivatively, commenced this action against, among others, the defendant GGP Staten Island Mall, LLC (hereinafter GGP), the owner of the Staten Island Mall. The plaintiffs' bill of particulars and a supplemental bill of particulars dated July 11, 2018, alleged, inter alia, injuries to the injured plaintiff's right elbow, right wrist, right knee, and back as a result of the subject accident.
After filing a note of issue and certificate of readiness, the plaintiffs served what they denominated a "supplemental bill of particulars" dated May 9, 2019. Therein, the plaintiffs alleged that, as a result of the subject accident, the injured plaintiff sustained injuries to her left lower extremity, left ankle, and left foot. At her deposition, the injured plaintiff testified that, on September 17, 2017, approximately six months after the subject accident, she had injured, among other things, her left ankle while descending steps at the residence of friends (hereinafter the second accident). According to the injured plaintiff, with regard to the second accident, she attempted to stop the fall with her right hand, but that hand was weak and she could not break the fall.
GGP moved, inter alia, to strike the supplemental bill of particulars dated May 9, 2019, as well as the expert affirmation of Dmitriy Grinshpun dated October 1, 2019, which was proffered by the plaintiffs in support of their theory that the second accident was caused by the injuries sustained in the subject accident. In an order dated December 19, 2019, the Supreme Court, among other things, denied those branches of GGP's motion. GGP appealed, and this Court modified the order dated December 19, 2019, so as to grant that branch of GGP's motion which was to strike the plaintiffs' supplemental bill of particulars dated May 9, 2019. This Court determined that the pleading was, in reality, an amended bill of particulars, as it sought to add new injuries, and that it was improperly served without leave of court and after the note of issue had been filed (see Naftaliyev v GGP Staten Is. Mall, LLC, 204 AD3d 932).
In or about May 2022, the plaintiffs moved for leave to serve an amended bill of particulars, which alleged, inter alia, that as a result of the subject accident, the injured plaintiff sustained injuries to her left lower extremity, left ankle, and left foot. In an order dated June 6, 2022, the Supreme Court, among other things, denied the plaintiffs' motion, and, sua sponte, vacated the note of issue pursuant to 22 NYCRR 202.21 and directed the plaintiffs to move for leave to amend the bill of particulars.
Thereafter, GGP moved to vacate so much of the order dated June 6, 2022, as, sua sponte, vacated the note of issue and directed the plaintiffs to move for leave to amend the bill of particulars. The plaintiffs opposed GGP's motion and moved for leave to serve an amended bill of particulars, which alleged, inter alia, that as a result of the subject accident, the injured plaintiff sustained injuries to her left lower extremity, left ankle, and left foot. The plaintiffs also submitted Grinshpun's affirmation dated October 1, 2019, in support of their motion. GGP opposed the plaintiffs' motion and cross-moved, among other things, to strike Grinshpun's affirmation. In an order dated November 4, 2022, the Supreme Court, inter alia, denied GGP's motion, granted the plaintiffs' motion, and denied GGP's cross-motion. GGP appeals.
The Supreme Court erred by, sua sponte, vacating the note of issue and directing the plaintiffs to move for leave to amend the bill of particulars. "A statement in a certificate of readiness to the effect that all pretrial discovery has been completed is a 'material fact' within the meaning of 22 NYCRR 202.21(e), and where that statement is incorrect, the note of issue should be vacated" (Jablonsky v Nerlich, 189 AD3d 1561, 1563; see Barrett v New York City Health & Hosps. Corp., 150 AD3d 949, 951-952). "However, to vacate a note of issue, discovery requests must be legitimate and pending, and not resolved or contrived" (Jablonsky v Nerlich, 189 AD3d at 1563 [alterations and internal quotation marks omitted]; see Ireland v GEICO Corp., 2 AD3d 917, 918). Here, there was no evidence of any legitimate and pending pretrial discovery at the time that the court, sua sponte, vacated the note of issue, and, contrary to the court's determination, the certificate of readiness did not contain "a material fact" that was "incorrect" (22 NYCRR 202.21[e]; see Matter of Demetriou, 196 AD3d 568, 570; Jablonsky v Nerlich, 189 AD3d at 1564; Matter of Rite Aid Corp. v Darling, [*2]162 AD3d 1599, 1601; Bundhoo v Wendy's, 152 AD3d 734, 737; Rossi v Arnot Ogden Med. Ctr., 252 AD2d 778, 780). Contrary to the plaintiffs' contention, GGP did not waive the argument that the court did not have a proper basis upon which to, sua sponte, vacate the note of issue. Accordingly, the court erred in denying GGP's motion to vacate so much of the order dated June 6, 2022, as, sua sponte, vacated the note of issue and directed the plaintiffs to move for leave to amend the bill of particulars.
In addition, the Supreme Court improvidently exercised its discretion in granting the plaintiffs' motion for leave to serve an amended bill of particulars alleging that the injured plaintiff suffered new injuries. "While leave to amend a bill of particulars is ordinarily to be freely given in the absence of prejudice or surprise" (Kirk v Nahon, 160 AD3d 823, 824; see CPLR 3025[b]), "once discovery has been completed and the case has been certified as ready for trial, [a] party will not be permitted to amend the bill of particulars except upon a showing of special and extraordinary circumstances" (Schreiber-Cross v State of New York, 57 AD3d 881, 884 [internal quotation marks omitted]; see King v Marwest, LLC, 192 AD3d 874, 875-876; Anonymous v Gleason, 175 AD3d 614, 617). "[W]here the application for leave to amend is made long after the action has been certified for trial, judicial discretion in allowing such amendments should be discrete, circumspect, prudent, and cautious" (Morris v Queens Long Is. Med. Group, P.C., 49 AD3d 827, 828 [internal quotation marks omitted]; see Lennon v 56th & Park [NY] Owner, LLC, 199 AD3d 64, 73; Rodgers v New York City Tr. Auth., 109 AD3d 535, 536-537). Moreover, "where there has been an inordinate delay in seeking leave to amend to include a new injury, a plaintiff must establish a reasonable excuse for the delay and show that the proposed amendment has merit" (Canals v Lai, 132 AD3d 626, 626-627; see Blumenthal v 1979 Marcus Ave. Assoc., LLC, 203 AD3d 1122, 1123; Cesarz v O'Reilly, 194 AD3d 1007, 1008).
Here, the plaintiffs failed to show special and extraordinary circumstances in seeking leave to serve an amended bill of particulars alleging new injuries to the injured plaintiff's left lower extremity, left ankle, and left foot. The plaintiffs failed to proffer a reasonable excuse for the delay in moving for leave to serve an amended bill of particulars (see Benegas v Ardsley Country Club, Inc., 230 AD3d 1093, 1095; Blumenthal v 1979 Marcus Ave. Assoc., LLC, 203 AD3d at 1123; King v Marwest, LLC, 192 AD3d 874, 876; Cesarz v O'Reilly, 194 AD3d at 1008). Furthermore, Grinshpun's affirmation failed to establish that the new injuries were caused by the subject accident or that there was a causal connection between the new injury and the original injuries alleged in the complaint and the bill of particulars (see Cesarz v O'Reilly, 194 AD3d at 1008; Campbell v Dwyer, 185 AD3d 777, 778; Canals v Lai, 132 AD3d at 627; Green v New York City Hous. Auth., 81 AD3d 890, 891; Itzkowitz v King Kullen Grocery Co., Inc., 22 AD3d 636, 637).
GGP contends that the Supreme Court also erred in denying that branch of its cross-motion which was to strike Grinshpun's affirmation. However, this Court's resolution of the issue on the prior appeal (see Naftaliyev v GGP Staten Is. Mall, LLC, 204 AD3d 932) constitutes law of the case and is binding herein (see Keneally, Lynch & Bak, LLP v Salvi, 231 AD3d 1137, 1139; Matter of Hanlon, 189 AD3d 1405, 1408). Accordingly, the Supreme Court properly denied that branch of GGP's cross-motion which was to strike Grinshpun's affirmation. The remaining branches of GGP's cross-motion are academic in light of our determination denying the plaintiff's motion for leave to serve an amended bill of particulars.
GGP's remaining contention is without merit.
IANNACCI, J.P., BRATHWAITE NELSON, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court