■ Susan A., Also Known as Susan D., Appellant, v Steven J. A., Respondent.—In a matrimonial action in which the parties were divorced by a judgment dated April 8, 1985, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Geiler J.), dated October 22, 1987, as denied her motion for an order directing the issuance of a commission pursuant to CPLR 3108 to examine a witness in Virginia with respect to her application to modify the visitation provisions of the judgment of divorce.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements, and without prejudice to renewal in accordance herewith.

At bar, the plaintiff moved for the issuance of a commission to take the out-of-State deposition of a nonparty witness who could substantiate her allegations that the defendant had sexually abused their child. Such testimony is discoverable as "evidence material and necessary in the prosecution or defense of an action" (CPLR 3101 [a]). The testimony " 'may lead to the disclosure of admissible proof' " (Wiseman v American Motors Sales Corp., 103 AD2d 230, 237, quoting Shutt v Pooley, 43 AD2d 59, 60), and the information sought " ' "is sufficiently related to the issues in litigation to make the effort to obtain it in preparation for trial reasonable" ' " (Wiseman v American Motors Sales Corp., supra, at 238, quoting Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406-407).

The procedural device sought to be employed by the plaintiff is used "where necessary or convenient for the taking of a deposition outside the state" (CPLR 3108). "The commission procedure is available where the notice procedure under the circumstances of the case or the place where the deposition is to be taken may be deemed impracticable or there is some doubt as to whether the deposition may be taken" (Wiseman v American Motors Sales Corp., supra, at 235). At bar, the

plaintiff alleges that the proposed deponent resides in Virginia. Nevertheless, absent allegations that the proposed out-of-State deponent would not cooperate with a notice of deposition or would not voluntarily come within this State or that "the judicial imprimatur accompanying a commission will be necessary or helpful when the [designee] seeks the assistance of the foreign court in compelling the witness to attend the examination" *(Wiseman v American Motors Sales Corp., supra,* at 235), the plaintiff has failed to demonstrate that a commission is " 'necessary or convenient' " *(Wiseman v American Motors Sales Corp., supra,* at 235). Accordingly the motion was correctly denied, but without prejudice to a renewal of the motion upon the requisite showing as expressed herein. Mangano, J. P., Bracken, Weinstein and Balletta, JJ., concur.