■ TAFT PARTNERS DEVELOPMENT GROUP et al., Respondents, v SHOLOM DRIZIN, Appellant. (And Another Action.) [717 NYS2d 53] —Order, Supreme Court, New York County (Herman Cahn, J.), entered June 5, 2000, which, in an action between partners involving, *inter alia*, a counterclaim by defendant that plaintiffs mismanaged the partnership's property, granted plaintiffs' motion to take the depositions of defendant's expert witnesses, unanimously affirmed, with costs.

Defendant alleges that the partnership acquired a hotel in need of renovations estimated by independent sources to be $60,000,000; that plaintiffs renovated the hotel at a cost in excess of $140,000,000; and that the latter amount "reflected various overcharges, illegal billing procedures, fraudulent practices and profit taking" in violation of plaintiffs' fiduciary duty to defendant. It appears that these allegations are based not on any facts personally known to defendant, but rather on an accountant's review of partnership documents and the opinion of a construction industry executive as to what the renovation should have cost. If the accountant and executive are indeed "experts" for purposes of disclosure, it also appears that they are in possession of facts relevant to defendant's claims, and, to that extent, special circumstances exist within the meaning of CPLR 3101 (d) (1) warranting their depositions. We note the representation in plaintiffs' brief that they seek to depose these witnesses "specifically * * * as to the facts," not their opinions. We also note the motion court's readiness to closely monitor the depositions (*cf., Rosario v General Motors Corp.*, 148 AD2d 108, 113). Concur—Rosenberger, J. P., Nardelli, Ellerin, Lerner and Andrias, JJ.