■ DANIEL E. McCoy, Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 94681.) [860 NYS2d 355]—

Appeal and cross appeal from an order of the Court of Claims (Michael E. Hudson, J.), entered January 24, 2007. The order granted in part claimant's motion to compel discovery.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying the part of the motion seeking to compel the production of defendant's senior investigator for a deposition and vacating the first ordering paragraph and by providing that the part of the motion seeking the issuance of a commission to serve written deposition questions on a nonparty witness is denied without prejudice and as modified the order is affirmed without costs.

Memorandum: Claimant commenced this action seeking damages for injuries he sustained in a motor vehicle accident as a result of the alleged negligent design, construction and maintenance of a highway. Claimant moved to compel various forms of discovery, and the Court of Claims granted the motion in part. Defendant contends on its appeal that the court erred in directing defendant to produce its senior investigator for a deposition, and claimant contends on his cross appeal, as limited by his brief, that the court erred in denying that part of his motion for the issuance of a commission to serve written deposition questions on a nonparty witness.

We agree with defendant that the court abused its discretion in directing it to produce its senior investigator for a deposition, and we therefore modify the order accordingly. The factual information garnered by the investigator at her visit to the scene of the accident, made after the filing of claimant's notice of intention to file a claim, constitutes material prepared in anticipation of litigation, and claimant failed to make the requisite showing that he "has substantial need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means" (CPLR 3101 [d] [2]; *see Kandel v Tocher*, 22 AD2d 513, 518 [1965]; *cf. Flex-O-Vit USA v Niagara Mohawk Power Corp.*, 281 AD2d 980, 981 [2001]; *Lamitie v Emerson Elec. Co.-White Rodgers Div.*, 208 AD2d 1081, 1083 [1994]; *see generally Foley v West-Herr Ford, Inc.*, 32 AD3d 1236 [2006]).

We conclude, however, that the court properly denied that part of claimant's motion for the issuance of a commission, although our reasoning differs from that of the court. Contrary to the court's conclusion, the deposition of the nonparty witness, who resides in Florida, is not precluded under CPLR 3101 (d) (1) (iii). Although the nonparty witness was an expert witness for the other party involved in the accident in the related action

in Supreme Court, his testimony is sought here only as a fact witness, and thus CPLR 3101 (d) does not apply to him (*see generally Rook v 60 Key Ctr.*, 239 AD2d 926, 927-928 [1997]). In our view, however, that part of claimant's motion was properly denied because claimant failed to establish that the issuance of a commission was "necessary or convenient" for the taking of the deposition (CPLR 3108). Specifically, claimant failed to establish that "the proposed out-of-[s]tate deponent would not cooperate with a notice of deposition [pursuant to CPLR 3109] or would not voluntarily come within this [s]tate" (*Susan A. v Steven J. A.*, 141 AD2d 790, 791 [1988]; *cf. Wiseman v American Motors Sales Corp.*, 103 AD2d 230, 235-236 [1984]). We further modify the order, however, by providing that the part of claimant's motion for the issuance of a commission is denied without prejudice. Present—Hurlbutt, J.P., Martoche, Peradotto, Pine and Gorski, JJ.