■ MARIA SORRENTINO et al., Respondents, v WILLIAM FEDORCZUK, Appellant. [925 NYS2d 150]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated November 5, 2010, which denied his motion to depose nonparty witness Michael Brooks upon an open commission pursuant to CPLR 3108.

Ordered that the order is modified, on the law and in the exercise of discretion, by adding thereto the words "without prejudice to renewal" following the words "is denied" contained in the first sentence of the last paragraph thereof; as so modified, the order is affirmed, without costs or disbursements.

Approximately 15 months after the filing of the note of issue, the plaintiffs served an amended bill of particulars alleging new or additional injuries, including reflex sympathetic dystrophy, sustained by the plaintiff Christine Napolitano (hereinafter the plaintiff) as a result of the subject motor vehicle accident. The defendant moved for the issuance of an open commission pursuant to CPLR 3108 to take the out-of-state deposition of nonparty witness Michael Brooks regarding his failure to produce the plaintiff's prior medical records maintained by his office. Those medical records are discoverable to the extent that they relate to similar injuries or treatment (*see Sadicario v Stylebuilt Accessories*, 250 AD2d 830, 831 [1998]; *Zappi v Pedigree Ski Shop*, 244 AD2d 331 [1997]). Furthermore, the defendant demonstrated that "unusual or unanticipated circumstances" developed subsequent to the filing of the note of issue justifying additional discovery (22 NYCRR 202.21 [d]; *Karakostas v Avis Rent A Car Sys.*, 306 AD2d 381, 382 [2003]; *cf. Schenk v Maloney*, 266 AD2d 199 [1999]).

A commission may be issued where "necessary or convenient" for the taking of a deposition outside of the State (CPLR 3108). The defendant alleged that Dr. Brooks is retired from the practice of medicine and resides in Florida. However, the defendant failed to demonstrate that Dr. Brooks will not cooperate with a notice of deposition pursuant to CPLR 3109 or will not voluntarily come within this State or that "the judicial imprimatur accompanying a commission will be necessary or helpful when the [designee] seeks the assistance of the foreign court in compelling the witness to attend the examination" (*Wiseman v American Motors Sales Corp.*, 103 AD2d 230, 235 [1984]; *see Susan A. v Steven J. A.*, 141 AD2d 790, 791 [1988]). Since the defendant failed to establish that a commission is "necessary or convenient" (*see Reyes v Riverside Park Community [Stage I], Inc.*, 59 AD3d 219 [2009]; *McCoy v State of New York*, 52 AD3d 1212 [2008]; *Wiseman v American Motors*

*Sales Corp.*, 103 AD2d at 235), the motion was properly denied, but should have been denied without prejudice to a renewal of the motion upon the requisite showing that a commission is necessary or convenient (*see Susan A. v Steven J. A.*, 141 AD2d at 791). Rivera, J.P., Angiolillo, Eng, Chambers and Sgroi, JJ., concur.