OPINION OF THE COURT
Barbara Jaffe, J.
By notices of motion dated October 18, 2012, TransCanada Energy USA, Inc., TC Ravenswood Services Corp., and TC Ravenswood, LLC (collectively, TransCanada) move pursuant to CPLR 3108, 3111, and 3120 for an order for an open commission to obtain documents and deposition testimony from a corporate representative of Failure Analysis & Prevention, Inc. (FAP) and Michael Casey, both Rhode Island residents. Defendant Factory Mutual Insurance Company (FMIC) opposes.
I. Background
On September 12, 2008, a steam turbine power generator (unit 30) at Ravenswood in Queens, New York, shook violently, and was shut down. A crack was discovered in the generator’s rotor. Unit 30 was thus out of service until May 11, 2009. Trans-Canada sought coverage under its insurance policy, held by FMIC, among other insurance companies.
On September 26, 2008, FMIC hired FAP and Casey to investigate how and when the crack was caused. FAP has worked for FMIC before, including in connection with a similar incident at another power plant. FAP’s and Casey’s investigation was thorough and cost more than $300,000. They collected data and drafted a report, ultimately concluding that the crack in the rotor started at least six months earlier and outside the policy period, according to FMIC. Based on FAP’s and Casey’s report, FMIC denied coverage more than a year later. Litigation ensued.
The parties agreed to allow expert depositions. Although the dates on the scheduling order have been extended several times, *705 the parties also agreed that all fact witness depositions must be completed several months before expert disclosures and expert depositions. FMIC plans to use FAP and Casey as experts in this litigation.
II. Contentions
TransCanada contends that FAP and Casey had a key role in investigating the broken rotor in unit 30 and that as they are out-of-state, nonparty witnesses whom cannot be served with ordinary deposition notices or subpoenas, an open commission is necessary.
FMIC agrees that FAP and Casey are important witnesses, and agrees to produce their relevant, non-privileged documents. It objects, however, to producing them both as fact witnesses and expert witnesses, and would produce them for expert depositions only. Consequently, it objects to the open commission because Casey and FAP agree to appear, just not until after fact discovery is over.
TransCanada contends that it will be prejudiced if it cannot depose FAP and Casey during fact discovery. The testimony could, according to TransCanada, lead its investigation in new directions that must be explored before fact discovery ends. It anticipates that FAP and Casey have information that Trans-Canada’s experts need to form their opinions, and observes that it was FMIC’s choice to use a fact witness as an expert witness, and that in a large commercial case such as this, it is not uncommon for key witnesses to appear more than once.
III. Analysis
Although FAP and Casey are not parties, they were hired by FMIC, were paid more than $300,000 for their work, are deeply involved in FMIC’s coverage denial, and are expected to testify as FMIC’s experts. Even so, it is not clear that FMIC can be compelled to produce them. A party cannot be compelled to produce a nonparty witness, even if it hired the witness as a consultant. (Doomes v Best Tr. Corp., 303 AD2d 322, 322-323 [1st Dept 2003].) And typically, absent an agreement to depose experts, a party may only be compelled to produce its experts to testify as fact witnesses under “special circumstances.” (Taft Partners Dev. Group v Drizin, 277 AD2d 163, 163 [1st Dept 2000].)
For an open commission to issue, the requesting party must show that “the proposed out-of-State deponent would not coop *706 erate with a notice of deposition or would not voluntarily come within this State.” (MBIA Ins. Corp. v Credit Suisse Sec. [USA] LLC, 103 AD3d 486, 488 [1st Dept 2013], quoting Reyes v Riverside Park Community [Stage I], Inc., 59 AD3d 219, 219 [1st Dept 2009].) Here, FAP and Casey will cooperate and testify, but only during the time allotted for expert witness depositions.
TransCanada will be prejudiced if it cannot depose FAP and Casey during fact discovery. Its experts will be deprived of relevant facts until after they draft their expert disclosures, and FMIC offers no authority for its position.
Pursuant to CPLR 3107, a notice of deposition must state the time and place for the deposition, giving each party at least 20 days’ notice, unless the court orders otherwise or the parties agree otherwise. (Siegel, NY Prac § 354 at 579-580 [5th ed 2011].) Therefore, cooperation and compliance with a notice of deposition requires attending the deposition on 20 days’ notice or adjourning the deposition for a reasonable period of time by agreement or court order, and witnesses may testify more than once at a deposition. (See e.g. Douglas v New York City Tr. Auth., 48 AD3d 615 [2d Dept 2008].) The potential prejudice to Trans-Canada outweighs the need to avoid the inefficiency of having the witnesses deposed twice.
Moreover, by withholding FAP and Casey until after fact discovery, FMIC is violating the scheduling order, whereby Trans-Canada and FMIC stipulated that all fact witnesses be deposed before expert discovery starts. Stipulations between parties are important, and their strict enforcement “not only serves the interest of efficient dispute resolution but also is essential to the management of court calendars and integrity of the litigation process.” (Hallock v State of New York, 64 NY2d 224, 230 [1984]; see Provenzano v Turner Constr. Co., 275 AD2d 314, 314 [2d Dept 2000] [upholding sanctioning a party that violated a stipulation in discovery].) As FMIC agreed that fact witness depositions must be completed before the start of expert discovery, FMIC must honor that agreement.
IV Conclusion
Accordingly, it is hereby ordered, that FMIC, within seven days of this order, will ask FAP and Casey if they will voluntarily appear for deposition within 30 days of this order; it is further ordered, that if FAP and Casey will not appear voluntarily, that an open commission issue to compel their appearance.