OPINION OF THE COURT
Francois A. Rivera, J.
By order to show cause filed on April 11, 2013 under motion sequence 8, defendant Manufacturers and Trader’s Trust Company (hereinafter MTTC) has moved for an order pursuant to CPLR 3108 and 3111 directing an open commission to take the deposition of Charles Smith (hereinafter C. Smith), a nonparty resident of Georgia, and to request the Georgia Superior Court for the County of Cobb to issue subpoenas ad testificandum and duces tecum for C. Smith to appear and submit to a deposition at a time, date and place set by the Georgia Superior Court.
By notice of cross motion filed on May 15, 2013 under motion sequence 9, plaintiff Lorraine Smith has opposed MTTC’s motion and has cross-moved for an order pursuant to CPLR 3212 (g) “setting down the facts ascertained by the court to have been established for all purposes in this action.”*
Background
On June 23, 2009, plaintiff commenced the instant action for a declaratory judgment by filing a summons and complaint with the Bangs County Clerk’s office. Plaintiffs complaint alleges the following salient facts; Lorraine Smith was appointed the administrator of the estate of Helen Smith after the Surrogate Court revoked the letters of administration of C. Smith. Pursuant to a deed dated June 15, 1995, Helen Smith and defendant Albert Smith (hereinafter A. Smith) each owned an undivided one-half interest in real property known as 577 Decatur Street, Brooklyn, New York (hereinafter the subject property). A. Smith entered into a mortgage contract with defendant MTTC secured by the subject property which is also his residence.
*414 Plaintiff seeks a judgment that, among other things, declares the plaintiff and A. Smith owners of an undivided one-half interest of the subject property as tenants in common, directs the subject property be sold and an accounting, and declares the mortgage held by MTTC to be satisfied solely to the extent of A. Smith’s one-half share.
A. Smith interposed an answer and counterclaims dated September 11, 2009. MTTC joined issue by answer dated July 13, 2009. Plaintiff interposed a reply to A. Smith’s answer which it later amended.
Motion Papers
MTTC’s order to show cause consists of an attorney affirmation and eight exhibits labeled A through H. Exhibit A is a copy of the plaintiff’s verified complaint. Exhibit B is a copy of defendant A. Smith’s answer and counterclaims dated September 11, 2009. Exhibit C is a copy of defendant MTTC’s answer dated July 13, 2009. Exhibit D contains a decision and order of Kings County Surrogate Margarita Lopez-Torres dated March 9, 2009 and a copy of a purported agreement between A. Smith and plaintiff’s decedent, Helen L. Smith, concerning the subject property. Exhibit E is a copy of a bargain and sale deed for the subject property dated June 15, 1995. Exhibit F is a duplicate copy of the purported agreement annexed to exhibit D. Exhibit G is a copy of a purported agreement between A. Smith and C. Smith about the subject property. Exhibit H is a copy of the mortgage for the subject property recorded on June 25, 2008.
Plaintiffs cross motion consists of her affidavit, an affirmation of her counsel and seven annexed exhibits labeled A through G. Exhibit A is a copy of the plaintiffs summons and verified complaint. Exhibit B is a copy of defendant A. Smith’s answer and counterclaims. Exhibit C is a copy of defendant MTTC’s answer. Exhibit D is plaintiffs reply to defendant A. Smith’s counterclaims. Exhibit E is plaintiffs amended reply to defendant A. Smith’s counterclaims. Exhibit F is a copy of a this court’s order issued March 11, 2011, which, among other things, granted plaintiffs motion for summary judgment declaring the plaintiff to be the owner of one half of the subject property. Exhibit G is a copy of a decision and order of this court dated May 15, 2012.
In opposition to plaintiffs cross motion, MTTC has submitted an affirmation of its counsel and three annexed exhibits labeled A through C. Exhibit A is a copy of a transcript of this court’s decision dated June 28, 2011. Exhibit B is an unsigned order to *415 show cause and supporting affirmation dated June 17, 2013. Exhibit C is denominated as the answer of an intervenor, the Bank of New York Mellon Corporation.
In opposition to MTTC’s order to show cause, plaintiff has submitted an affirmation of her counsel.
In support of MTTC’s order to show cause and in opposition to plaintiffs cross motion, codefendant A. Smith has submitted an affirmation of his counsel.
Law and Application
CPLR 3108 provides as follows:
“A deposition may be taken on written questions when the examining party and the deponent so stipulate or when the testimony is to be taken without the state. A commission or letters rogatory may be issued where necessary or convenient for the taking of a deposition outside of the state.”
To be entitled to issuance of commission, the moving party is required to demonstrate that the witness outside of New York would not cooperate with a notice of deposition, would not voluntarily come within New York, or that the judicial imprimatur accompanying a commission would be necessary or helpful when seeking the assistance of the foreign court in compelling the witness to attend the examination (CPLR 3108; see also Sorrentino v Fedorczuk, 85 AD3d 759 [2d Dept 2011]).
CPLR 3111 provides as follows:
“Production of things at the examination “The notice or subpoena may require the production of books, papers and other things in the possession, custody or control of the person to be examined to be marked as exhibits, and used on the examination. The reasonable production expenses of a non-party witness shall be defrayed by the party seeking discovery.”
CPLR 3111 is a discovery device used to require the deponent to produce the paper or thing in conjunction with a deposition and for use upon it (see CPLR 3111; Connors, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3111:l).
MTTC contends that the issuance of a commission is mandated because C. Smith is an out of state resident and is not subject to subpoena power. MTTC, however, did not demonstrate that a commission is “necessary or convenient” (CPLR 3108), by neglecting to include “allegations that the proposed *416 out-of-State deponent would not cooperate with a notice of deposition or would not voluntarily come within this State or that the judicial imprimatur accompanying a commission will be necessary or helpful” (MBIA Ins. Corp. v Credit Suisse Sec. [USA] LLC, 103 AD3d 486, 488 [1st Dept 2013]). The branch of the motion seeking a commission pursuant to CPLR 3018 is denied without prejudice to a renewal of the motion upon the requisite showing that a commission is necessary or convenient (Sorrentino v Fedorczuk, 85 AD3d 759 [2d Dept 2011]). That branch of the motion which seeks an order directing C. Smith to produce documents for the deposition is denied without prejudice as premature.
CPLR 3212 (g) provides as follows:
“Limitation of issues of fact for trial. If a motion for summary judgment is denied or is granted in part, the court, by examining the papers before it and, in the discretion of the court, by interrogating counsel, shall, if practicable, ascertain what facts are not in dispute or are incontrovertible. It shall thereupon make an order specifying such facts and they shall be deemed established for all purposes in the action. The court may make any order as may aid in the disposition of the action.”
Plaintiff seeks an order pursuant to CPLR 3212 (g) setting down the facts ascertained by the court to have been established for all purposes in this action.
“CPLR 3212(g) operates where a motion for summary judgment has been altogether denied, or granted only in part. It recognizes that notwithstanding the denial or partial grant, one or several facts may nonetheless appear to be conceded or otherwise definitively resolved by the moving and opposing papers. Such facts should not have to be tried. The court should enumerate, in the order disposing of the motion, the facts that have been found to exist and which are therefore usable at the trial without further litigation of them. The party who would be benefitted by the facts as enumerated should request that the order contain the enumeration.” (Siegel, Practice Commentaries, Salvaging Something from Abortive Summary Judgment Motion, McKinney’s Cons Laws of NY, Book 7B, CPLR C3212:35; see CPLR 3212.)
Plaintiff has not identified the order which denied or only granted in part her prior motion for summary judgment. She *417 also did not identify or annex the relevant prior motion papers to her instant cross motion. A court should not be compelled to retrieve the clerk’s file in connection with its consideration of subsequent motions (see Sheedy v Pataki, 236 AD2d 92, 97-98 [3d Dept 1997]). “There is no authority for compelling [a court] to consider papers which were not submitted in connection with the motion on which it is ruling; indeed, under CPLR 2214 (c), the court may refuse to consider improperly submitted papers” (Biscone v JetBlue Airways Corp., 103 AD3d 158, 178 [2d Dept 2012]).
Plaintiffs motion is procedurally defective and is therefore denied without prejudice to renew. On renewal, the plaintiff should identify and annex the order in question and the complete set of motion papers which yielded the subject order. Plaintiff should also set forth the facts which she contends were conceded or otherwise definitively resolved by the prior motion papers and by the court’s decision and order.
In conclusion, MTTC’s order to show cause seeking an order pursuant to CPLR 3108 and 3111 is denied without prejudice. Plaintiff’s cross motion seeking an order pursuant to CPLR 3212 (g) is also denied without prejudice.

 The relief sought is taken directly from the language contained within plaintiffs notice of motion.