Jablonsky v Nerlich (2020 NY Slip Op 08048)





Jablonsky v Nerlich


2020 NY Slip Op 08048


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2018-02411
 (Index No. 607917/15)

[*1]Joel Jablonsky, respondent,
v
Carl Nerlich, et al., appellants.


Smith Mazure Director Wilkins Young & Yagerman, P.C., New York, NY (Louise M. Cherkis of counsel), for appellants.
Edelman, Krasin & Jaye, PLLC, Westbury, NY (Kara M. Rosen of counsel), for respondent.



DECISION & ORDER
In an action to recover for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Jeffrey S. Brown, J.), entered January 17, 2018. The order denied the defendants' motion for summary judgment dismissing the complaint, and denied the defendants' separate motion to vacate the note of issue and to compel the plaintiff to submit to an examination by a neurologist.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries allegedly sustained when he slipped and fell on ice in the driveway of a house owned by the defendants, where he resided as a tenant. Discovery deadlines were originally set in a preliminary conference order dated August 17, 2016, and then extended in several subsequent compliance conference orders, dated December 14, 2016, through April 26, 2017. The plaintiff's deposition took place on March 30, 2017, and the defendants' depositions occurred on April 10, 2017. The plaintiff appeared for an examination by a neurosurgeon on June 9, 2017.
On June 21, 2017, counsel for the parties signed a certification order, which provided that "subject to stipulation of this same date," the plaintiff was to file a note of issue by September 19, 2017. The accompanying stipulation provided that the plaintiff would appear for an orthopedic examination, and would provide responses to certain pending post-deposition disclosure demands, and that "to the extent plaintiff does not comply, . . . plaintiff shall not be permitted to file his note of issue."
Subsequent to the execution of the stipulation, but prior to the plaintiff filing a note of issue and certificate of readiness, the defendants served an "Amended Notice of Physical Examination," seeking a medical examination of the plaintiff by a neurologist. The plaintiff's counsel sent a notice of rejection of that amended notice.
Thereafter, the defendants moved for summary judgment dismissing the complaint [*2]on the ground that they neither caused nor created, nor had actual or constructive notice, of the alleged hazardous condition which caused the plaintiff's fall. The plaintiff opposed the motion.
On September 15, 2017, the plaintiff filed a note of issue and certificate of readiness, which represented that the "Orthopedic IME [was] scheduled for September 19, 2017" and that discovery was otherwise complete. Thereafter, the defendants timely moved pursuant to 22 NYCRR 202.21(e) to vacate the note of issue and to compel the plaintiff to submit to an examination by a neurologist. The plaintiff opposed the motion.
In an order entered January 17, 2018, the Supreme Court denied the defendants' motion for summary judgment and denied the defendants' separate motion to vacate the note of issue and to compel the plaintiff to submit to an examination by a neurologist. The defendants appeal.
We agree with the Supreme Court's determination denying the defendants' motion for summary judgment dismissing the complaint. A defendant property owner who moves for summary judgment in a slip-and-fall case has the initial burden of showing "that it neither (1) affirmatively created the hazardous condition nor (2) had actual or constructive notice of the condition and a reasonable time to correct or warn about its existence" (Parietti v Wal-Mart Stores, Inc., 29 NY3d 1136, 1137; see Arevalo v Associated Supermarkets, Inc., 156 AD3d 852, 853). Here, the defendants failed to establish, prima facie, that they did not have constructive notice of the alleged icy condition (see Torre v Aspen Knolls Estates Home Owners Assn., Inc., 150 AD3d 789, 790; South v K-Mart Corp., 24 AD3d 748, 748). The defendants' affidavits regarding the condition of their driveway at approximately 9:00 p.m. on the evening before the plaintiff's fall, reflecting that neither defendant "notice[d]" an icy condition or had any difficulty traversing the driveway, was insufficient to establish as a matter of law that the alleged injury-producing condition was not visible and apparent or did not exist for a sufficient amount of time for the defendants to correct it (see Baratta v Eden Roc NY, LLC, 95 AD3d 802, 803; see also Ghent v Santiago, 173 AD3d 693, 694-695).
The defendants' remaining contentions likewise fail to demonstrate their entitlement to summary judgment on the issue of constructive notice, as they improperly rely upon purported gaps in the plaintiff's proof, rather than affirmative evidence of the defendants' lack of constructive notice of the icy condition (see Totten v Cumberland Farms, Inc., 57 AD3d 653, 654; South v K-Mart Corp., 24 AD3d at 748).
We also agree with the Supreme Court's determination to deny the defendants' motion to vacate the note of issue and to compel the plaintiff to submit to a second neurological examination. The defendants failed to demonstrate that a material fact in the plaintiff's certificate of readiness was incorrect, or that the certificate of readiness otherwise failed to comply with the relevant court rules in some material respect (see 22 NYCRR 202.21[e]; Bundhoo v Wendy's, 152 AD3d 734, 737; Suarez v Shapiro Family Realty Assoc., LLC, 149 AD3d 526, 527). A statement in a certificate of readiness to the effect that all pretrial discovery has been completed is a "material fact" within the meaning of 22 NYCRR 202.21(e), and where that statement is incorrect, the note of issue should be vacated (see Barrett v New York City Health & Hosps. Corp., 150 AD3d 949, 951-952). However, "[t]o vacate [a] note of issue, discovery requests must be legitimate and pending," and "not resolved or contrived" (Ireland v GEICO Corp., 2 AD3d 917, 918, citing Tilden Fin. Corp. v Muffoletto, 161 AD2d 583, 583-584). Moreover, "where the Supreme Court has directed the completion of discovery by a certain date or where the party seeking vacatur [of a note of issue] has failed to timely comply with court orders and discovery demands, denial of a motion to vacate is proper" (Cioffi v S.M. Foods, Inc., 178 AD3d 1003, 1003; see Encarnacion v Monier, 81 AD3d 875, 875).
Here, the record reflects that the defendants had ample opportunity to engage in discovery, including the opportunity to notice and complete medical examinations of the plaintiff after the completion of the plaintiff's deposition. The parties' stipulation at the time of the certification conference provided deadlines for outstanding discovery, including an orthopedic examination. Under these circumstances, the defendant was not entitled to vacatur of the note of [*3]issue due to the plaintiff's failure to submit to an additional medical examination that was neither noticed until after the matter was certified for trial, nor contemplated by the stipulation executed by the parties at the time of certification.
CHAMBERS, J.P., HINDS-RADIX, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court