Maraj v Polevich (2024 NY Slip Op 50705(U))

[*1]

Maraj v Polevich

2024 NY Slip Op 50705(U)

Decided on June 11, 2024

Supreme Court, Nassau County

Kapoor, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 11, 2024
Supreme Court, Nassau County

Carol Daiel Maraj, as Administrator of the Estate of Robert Maraj, 
 Deceased, and Carol Daiel Maraj, Individually, Plaintiffs,

against
Charles T. Polevich, Keyspan Energy Corporation and 
 Robert J. Banker Construction, Inc., Defendants.

Index No. 602737/2021

Sarika Kapoor, J.

NYSCEF docs. 12, 56-62, 67-68, 72-84, 86-91 were read and considered in deciding these motions.
RELIEF REQUESTED
Mot. Seq. 001: The defendant Charles T. Polevich ("Polevich") moves for an order, pursuant to CPLR 3108 and CPLR 3113, to initiate a commission to the appropriate authority in the State of California so that a nonparty to this action can be legally required to provide testimony before a person authorized to take acknowledgments outside of the State of New York that can administer an oath to take the testimony of said nonparty within the State of California. The motion is opposed.
Mot. Seq. 002: Polevich moves for an order pursuant to: (a) 22 NYCRR 202.21(e), vacating the Note of Issue and Certificate of Readiness and striking this action from the trial calendar, and (b) CPLR 3126(3) and 3042(c)(d), precluding the plaintiff from offering any evidence at the trial of this matter as to which discovery has not been provided. The motion is opposed.

BACKGROUND
This is a wrongful death action that stems from a motor vehicle/pedestrian accident when Robert Maraj ("Robert") was struck and killed by Polevich's vehicle on February 12, 2021. This action was brought by plaintiff, Carol Daiel Maraj, the wife of Robert and Administrator of Robert's estate. The complaint alleges, inter alia, that the plaintiff sustained economic and pecuniary loss by the passing of Robert, as well as the deprivation of "services, society, comfort, companionship and consortium of her husband."
The plaintiff commenced this action on March 8, 2021. Polevich joined issue via service of an answer on or about June 10, 2021. The plaintiff served a verified bill of particulars on June [*2]18, 2021.
A second action was commenced related to the same incident in the Supreme Court, Kings County against the defendants Keyspan Energy Corporation ("Keyspan") and Robert J. Banker Construction, Inc. The Kings County action was transferred to this Court, and consolidated into this action, on January 26, 2022.[FN1]

Plaintiff was granted letters of administration and by So-Ordered stipulation, the caption of this action was amended to reflect the plaintiff to be the Administrator of the decedent's estate from the prior proposed status.
Thereafter, on December 27, 2023, this action was discontinued against Keyspan.
On January 23, 2024, the parties appeared for an in-person discovery/status conference before this Court. During this conference, Polevich expressed an interest to have the Robert's daughter, "Onika Tanya Maraj-Petty, professionally known as Nicki Minaj" ("Ms. Minaj") appear for a nonparty witness deposition to provide testimony related to various musical lyrics contained in her song. The plaintiff objected to this application and indicated that it was improper and unnecessary. Defense counsel argued that Ms. Minaj is not a party to this action, resides in California, and to have her testify as to musical lyrics, which could be completely made up, false, and taken out of context, was a waste of time and borderline harassment for the family. At this conference, the undersigned permitted the defendant to issue a subpoena for Ms. Minaj's nonparty witness deposition.
The plaintiff filed a Note of Issue and Certificate of Readiness on April 12, 2024.

 MOT. SEQ. 001
Polevich moves for an Order, pursuant to CPLR 3108 and CPLR 3113, to initiate a commission to the appropriate authority in the State of California so that Ms. Minaj, a nonparty to this action, can be legally required to provide testimony before a person authorized to take acknowledgments outside of the State of New York who can administer an oath to take the testimony of said nonparty within the State of California. In support of the motion, counsel for Polevich argues that he is entitled to a commission to assist in obtaining the cooperation of Ms. Minaj with the goal of having her submit to a deposition to provide information that is material and necessary to the defense of the action. Counsel for Polevich argues that where it is demonstrated that information sought from a person residing outside the State is material or necessary to the defense of a claim, the issuance of an open commission to assist in obtaining the desired discovery is appropriate.
In opposition, counsel for the plaintiff argues that Polevich's basis for this nonparty witness deposition is based upon musical lyrics contained in one of Ms. Minaj's songs; musical lyrics that, he argues, are not confirmed to contain any truth or reliability. The plaintiff's counsel argues that "a majority of, if not all of the lyrics contained in the millions of songs produced yearly are made up, false, fabricated and do not actually contain true facts." The plaintiff's counsel notes that the plaintiff herself was deposed in two separate sessions wherein she was thoroughly questioned regarding her relationship with Robert. The plaintiff's counsel argues that Polevich had the ability to get any and all answers that he desired in those two separate deposition sessions. The plaintiff's counsel also notes that this Court also ordered the plaintiff [*3]comply with Polevich's demand to provide that the plaintiff provide him with her autobiography, which the plaintiff provided prior to her second deposition session. Counsel argues that Polevich had the ability to question the plaintiff on this autobiography and any issues of alleged domestic abuse. According to the plaintiff, Polevich's claim that Ms. Minaj "has knowledge and information that is material and necessary to the defense of the claims set forth in this action" is uncompelling, intended to drag the litigation, and simply a tactic to depose a celebrity. The plaintiff's counsel argues that Ms. Minaj and the family should not have to be subjected to this harassment.
In reply, counsel for Polevich argues that the plaintiff's unqualified opinion on song lyrics (i.e., that they are made up) is irrelevant to the propriety of or disposition of this motion. In any event, counsel argues, the instant motion is based on the vague and inconsistent testimony provided by the plaintiff that relates directly to the loss of consortium claim in this lawsuit for which there is a strong indication that plaintiff's daughter has knowledge or information regarding. Counsel submits that the first time plaintiff was deposed, she testified that she was not subject to physical abuse by Robert. The second time she was deposed, however, she did testify regarding physical abuse by Robert. Polevich's counsel argues that the plaintiff's testimony revealed that she was unable to clarify what her daughter referred to in interviews regarding putting her hands up to protect her mother from physical abuse from Robert, which is directly relevant to the loss of consortium claim asserted. Counsel for Polevich also adds that the plaintiff's argument that defense counsel could have questioned her in her two separate depositions in great detail regarding her relationship with Robert, and that "[d]efendant had the ability to get any and all answers that they desired in these two separate deposition sessions," lacks merit. It is Polevich's position that although defense counsel had the ability to ask questions of the plaintiff at the depositions, the answers received were inconsistent and vague derived solely from an interested witness. Polevich's counsel contends that it is beyond dispute that defendants are not required to rely solely on the testimony of an interested witness to develop their defense to the action. Defense counsel argues that the fact that the plaintiff testified regarding an issue relevant to the claims asserted does not preclude Polevich from obtaining material information from a nonparty witness where there is substantial evidence that the nonparty witness has information that is material to the claims brought in the suit. Finally, counsel for Polevich argues that there is no particular desire to depose a celebrity and the fact that the witness sought to be deposed is a celebrity is not relevant except to the extent that it might make the witness less likely to voluntarily submit to a deposition. Further, defense counsel argues, the simple fact that the sought after witness is a celebrity does not render the sought after discovery "harassment." Nor is there any merit to the plaintiff's claim that Polevich is attempting "to drag the litigation on and to depose a celebrity" as alleged by the plaintiff. Defense counsel maintains that they are merely attempting to obtain information material and necessary to the defense of the claims asserted by the plaintiff; information which is necessary in part because of the plaintiff's own vague and inconsistent testimony regarding issues that directly relate to the claims brought against Polevich in this lawsuit.

MOT. SEQ. 002
Polevich also moves for an Order pursuant to: (a) 22 NYCRR 202.21(e), vacating the Note of Issue and Certificate of Readiness and striking this action from the trial calendar; and, (b) CPLR 3126(3) and 3042(c)(d), precluding the plaintiff from offering any evidence at the trial of this matter as to which discovery has not been provided. In support of the motion, defense [*4]counsel submits that on December 22, 2023, he served plaintiff's office with a Notice for Discovery and Inspection, which remains outstanding. Counsel adds that on April 25, 2024, he wrote to the plaintiff's counsel in a "good faith" attempt to obtain the outstanding discovery, which letter also went unanswered. Additionally, defense counsel notes that following the filing of the Note of Issue by the plaintiff, on April 18, 2024, he filed a Demand for Authorizations, which demand also remains outstanding.
Based upon the foregoing, defense counsel argues that there are misrepresentations and inaccuracies in the plaintiff's certificate of readiness which require that the Note of Issue be stricken. Defense counsel adds that inasmuch his concurrent motion seeking an order to initiate a commission to the appropriate California authority for the nonparty deposition of Ms. Minaj also remains outstanding, the Note of Issue must be stricken so this "imperative" testimony can be taken for the proper defense of this matter. Alternatively, defense counsel argues that plaintiff should be precluded pursuant to CPLR 3126(3) and 3042(3) from offering any evidence at the trial of this matter as to which discovery has not been provided.
In opposition, counsel for the plaintiff submits that the plaintiff has provided a response to the defendants' discovery demands. Annexed to the attorney affirmation is a 17-page document entitled "Response To Notice For Discovery And Inspection & Defendant Demand For Authorizations" (doc. 87). Counsel adds that to the extent any discovery remains outstanding, the case should not be removed from the trial calendar as "[s]urely, the outstanding discovery can be completed in a relatively short period of time and without removing the case from the calendar" (doc. 86, ¶6).
In reply, counsel for Polevich notes that although the plaintiff's counsel admittedly responded to their Notice of Discovery and Inspection and various authorizations, appropriate responses to items numbered 4, 5, and 6 of the Notice of Discovery and Inspections dated May 17, 2024, are conspicuously missing. Counsel adds that all of these responses are material and necessary for a proper defense of this action and that the Notice of Discovery and Inspection should be fully complied with.

 DISCUSSION

Mot. Seq. 001:
CPLR 3101(a) is to be liberally construed "to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity" (Allen v Crowell—Collier Publ. Co., 21 NY2d 403, 406 [1968]). Pursuant to CPLR 3101(a)(4), a party may obtain discovery from a nonparty in possession of material and necessary evidence, so long as the nonparty is apprised of the circumstances or reasons requiring disclosure (see DiBuono v Abbey, LLC, 163 AD3d 524 [2d Dept 2018]).
At the outset, this Court notes that the purpose and/or objective of the deposition of Ms. Minaj is to inquire about the issue of domestic abuse purportedly sustained by the plaintiff at the hands of Robert. Additionally, although the plaintiff acknowledged that statements related to the topic of domestic abuse were made by Ms. Minaj, she was unable to offer any meaningful responses regarding the veracity of the statements made by Ms. Minaj.
Based upon the papers presented herewith, this Court finds that the statements made and attributed to Ms. Minaj, the plaintiff's daughter, pertaining to Robert's purported domestic abuse of the plaintiff, are directly relevant to the plaintiff's claim for loss of services as asserted in the complaint. Furthermore, because it is apparent that Ms. Minaj, who resides in California, may [*5]have knowledge and information that is material and necessary to the defense of the claims set forth in this action, a nonparty deposition of Ms. Minaj is appropriate.
CPLR 3108 provides "[a] commission or letters rogatory may be issued where necessary or convenient for the taking of a deposition outside of the state" (CPLR 3108; see Sorrentino v Fedorczuk, 85 AD3d 759, 760 [2d Dept 2011] ["A commission may be issued where 'necessary or convenient' for the taking of a deposition outside of the State"]). The analysis of "necessary or convenient" requires the movant to include "allegations that the proposed out-of-state deponent would not cooperate with a notice of deposition or would not voluntarily come within this State or that the judicial imprimatur accompanying a commission will be necessary or helpful" (MBIA Ins. Corp. v Credit Suisse Securities [USA] LLC, 103 AD3d 486, 488 [1st Dept 2013]; see Sorrentino v Fedorczuk, 85 AD3d at 760 [affirming denial of motion seeking a commission pursuant to CPLR 3108 because defendant failed to demonstrate that witness would "not cooperate with a notice of deposition pursuant to CPLR 3109 or will not voluntarily come within this State or that 'the judicial imprimatur accompanying a commission will be necessary or helpful when the (designee) seeks the assistance of the foreign court in compelling the witness to attend the examination'"]); Jaisinghani v One Vanderbilt Owner, LLC, 2017 NY Slip Op 32300[U], *8 [Sup Ct, New York County 2017] [defendants failed to make "the required strong showing of necessity" under CPLR 3108]). Thus, for an open commission to be issued under CPLR 3108, the requesting party must show that "the proposed out-of-state deponent would not cooperate with a notice of deposition or would not voluntarily come within the state" (National Union Fire Ins. Co. of Pittsburgh, Pennsylvania v TransCanada Energy USA, Inc., 40 Misc 3d 703, 705-06 [Sup Ct, New York County 2013]).
Here, Polevich has failed to make such a showing. There is no attestation by defense counsel that they have attempted to solicit the cooperation of Ms. Minaj to see if she would voluntarily appear for a deposition. At best, counsel for Polevich asserts that "there is reason to believe that 'Nicki Minaj' as a public figure and as the daughter of the named plaintiff in this action is not likely to appear for a deposition in this action." This is legally insufficient for the purposes of CPLR 3108 (see Sorrentino, supra; Reyes v Riverside Park Community [Stage I], Inc., 59 AD3d 219 [1st Dept 2009]). The commission procedure is permitted with respect to taking of deposition, but is to be employed only where notice procedure under circumstances of case or place where deposition is to be taken may be deemed impracticable or some doubt felt as to whether deposition may be taken (see Gorie v Gorie, 48 Misc 2d 411 [Sup Ct, New York County 1965]).
Thus, Polevich's motion for an open commission to compel the deposition of the nonparty, Ms. Minaj, is denied with leave to renew upon the submission of proof of Polevich's efforts to obtain the cooperation of the nonparty.
Mot. Seq. 002:
Pursuant to 22 NYCRR 202.21(e), any party to an action may, within 20 days of service of the note of issue and certificate of readiness, move to vacate the note of issue upon an affidavit demonstrating that the case is not ready for trial (see 22 NYCRR 202.21[e]). However, after the 20-day period has expired, no such motion shall be allowed except for good cause shown (see 22 NYCRR 202.21[e]). A statement in a certificate of readiness to the effect that all pretrial discovery has been completed is a "material fact" within the meaning of 22 NYCRR 202.21(e), and where that statement is incorrect, the note of issue should be vacated (see Jablonsky v Nerlich, 189 AD3d 1561 [2d Dept 2020]; see also Barrett v New York City Health & [*6]Hosps. Corp., 150 AD3d 949, 951-952 [2d Dept 2017]). "However, '[t]o vacate [a] note of issue, discovery requests must be legitimate and pending,' and 'not resolved or contrived'" (Jablonsky v Nerlich, 189 AD3d at 1563, 1563, quoting Ireland v GEICO Corp., 2 AD3d 917, 918 [3d Dept 2003]; see also Tilden Fin. Corp. v Muffoletto, 161 AD2d 583, 583—584 [2d Dept 1990]). If a note of issue has been filed when further discovery is anticipated or outstanding, the proper remedy is to strike the case from the trial calendar and grant leave for the parties to conduct further discovery, including medical information and authorizations (see Drapaniotis v 36-08 33rd St. Corp., 288 AD2d 254, 255 [2d Dept 2001]; Garofalo v Mercy Hosp, 271 AD2d 642 [2d Dept 2000]).
Here, in addition to the plaintiff's failure to respond to items numbered 4, 5, and 6 of the Notice of Discovery and Inspection, the deposition of the no-party witness, Ms. Minaj, potentially remains outstanding. Counsel for plaintiff represents that any deficiencies in the responses to the Notice of Discovery and Inspection will be cured in short order. 
However, given this Court's ruling (above) granting defendant leave to renew his motion to initiate a commission to the appropriate authority in the State of California for the deposition of Ms. Minaj, defendant's instant motion to vacate the Note of Issue and Certificate of Readiness and striking this action from the trial calendar must be held in abeyance.

 CONCLUSION
Accordingly, based it is hereby,
ORDERED that defendant's motion (seq. 001) for an Order pursuant to CPLR 3108 and CPLR 3113, to initiate a commission to the appropriate authority in the State of California so that the nonparty deposition of Ms. Minaj can take place, is DENIED with leave to renew within thirty (30) days of the date of this decision and order, with notice of entry, upon the submission of proof demonstrating the defendant's efforts to obtain the cooperation of the nonparty residing out of state; and it is further,
ORDERED that in the event that the defendant is unable to furnish such proof to this Court, within thirty (30) days of the date of this decision and order, with notice of entry, the defendant shall be precluded from obtaining said discovery—to wit, the nonparty deposition of Ms. Minaj; and it is further,
ORDERED, that the defendant's motion (seq. 002) for an order pursuant to 22 NYCRR 202.21(e), vacating the Note of Issue and Certificate of Readiness and striking this action from the trial calendar is HELD IN ABEYANCE for thirty (30) days from date of this decision and order, with notice of entry.
Any applications not specifically addressed are herewith DENIED.
The parties' remaining contentions have been considered and do not warrant discussion.
This shall constitute the decision and order of this Court.
Dated: June 11, 2024
Mineola, New York
HON. SARIKA KAPOOR, A.J.S.C.

Footnotes

Footnote 1:Robert J. Banker Construction, Inc., never appeared in this action or, for that matter, the Kings County action.