Reid v Green (2025 NY Slip Op 01657)

Reid v Green

2025 NY Slip Op 01657

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
LILLIAN WAN, JJ.

2021-09231
 (Index No. 30390/10)

[*1]Dennis Reid, respondent, 
v
Deltoria Green, et al., appellants.

Shiryak, Bowman, Anderson, Gill & Kadochnikov LLP, Kew Gardens, NY (Matthew J. Routh of counsel), for appellants.
Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to impose a constructive trust, the defendants appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated November 10, 2021. The order, insofar as appealed from, denied the defendants' motion to vacate the note of issue and certificate of readiness for trial and to compel the plaintiff to appear for a deposition or, in the alternative, to preclude the plaintiff from testifying at trial.
ORDERED that the order is affirmed insofar as appealed from, with costs.
This action, inter alia, to impose a constructive trust was commenced in December 2010. In March 2018, the action was, sua sponte, marked disposed by the Note of Issue-Final Conference Part. In April 2018, the defendants served a notice to take depositions upon the plaintiff. By order dated February 10, 2021, the action was restored to the active trial calendar and the plaintiff's time to file a note of issue was extended to 60 days from entry of the order. The order was entered August 6, 2021.
During email correspondence that took place from June to July 2021, the parties, through their respective counsel, agreed to hold the plaintiff's examination before trial (hereinafter EBT) of the defendant Deltoria Green on August 9, 2021, and the defendants' EBT of the plaintiff on August 18, 2021. On August 2, 2021, the defendants' counsel advised the plaintiff's counsel of the need to reschedule Green's EBT. However, the record demonstrates that the plaintiff's EBT, scheduled for August 18, 2021, was neither canceled nor rescheduled.
On August 18, 2021, the plaintiff, who allegedly took off from work that day, appeared with his counsel for his duly scheduled EBT by the defendants' counsel, who failed to appear and later denied that the EBT was ever confirmed for that day. The defendants' counsel then made a new demand to depose the plaintiff. The plaintiff's counsel rejected the demand, claiming that the defendants had waived their right to depose the plaintiff due to their inexcusable failure to appear for the August 18, 2021 EBT of the plaintiff, which was never canceled or rescheduled.
On October 4, 2021, the plaintiff filed a note of issue and certificate of readiness for [*2]trial (hereinafter together the note of issue), stating, inter alia, that "[d]iscovery now known to be necessary" had been "[w]aived" and that there were "no outstanding requests for discovery."
Several days after the filing of the note of issue, the defendants timely moved to vacate the note of issue and to compel the plaintiff to appear for an EBT or, in the alternative, to preclude the plaintiff from testifying at trial. The plaintiff, inter alia, opposed the motion, maintaining that the defendants had waived their right to depose him. By order dated November 10, 2021, the Supreme Court, among other things, denied the defendants' motion. The defendants appeal.
The Supreme Court properly denied the defendants' motion, inter alia, to vacate the note of issue and to compel the plaintiff to appear for an EBT. The defendants failed to demonstrate that a material fact in the note of issue was incorrect or that the note of issue otherwise failed to comply with the relevant court rules in some material respect (see 22 NYCRR 202.21[e]; Jablonsky v Nerlich, 189 AD3d 1561, 1563). "A statement in a certificate of readiness to the effect that all pretrial discovery has been completed is a material fact within the meaning of 22 NYCRR 202.21(e), and where that statement is incorrect, the note of issue should be vacated" (Jablonsky v Nerlich, 189 AD3d at 1563 [internal quotation marks omitted]; see Reardon v Macy's, Inc., 191 AD3d 712, 714; Cioffi v S.M. Foods, Inc., 178 AD3d 1003, 1004). However, "[t]o vacate [a] note of issue, discovery requests must be legitimate and pending, and not resolved or contrived" (Jablonsky v Nerlich, 189 AD3d at 1563 [internal quotation marks omitted]). Further, "where the Supreme Court has directed the completion of discovery by a certain date or where the party seeking vacatur has failed to timely comply with court orders and discovery demands, denial of a motion to vacate is proper" (Cioffi v S.M. Foods, Inc., 178 AD3d at 1004).
Here, the record reflects that the defendants had ample opportunity to engage in discovery during the more than 10 years this action was pending, including the opportunity to depose the plaintiff during a duly scheduled August 18, 2021 EBT. However, the defendants failed to proffer a reasonable, uncontrived excuse for their failure to appear for the plaintiff's EBT, and their counsel's willful and contumacious behavior in this regard (see Patrick v Lend Lease [US] Constr. LMB, Inc., 203 AD3d 836, 838) constituted a waiver of the defendants' right to depose the plaintiff. Under these circumstances, the defendants were not entitled to vacatur of the note of issue and to compel the plaintiff to appear for an EBT (see Jablonsky v Nerlich, 189 AD3d at 1564; Cioffi v S.M. Foods, Inc., 178 AD3d at 1004; see also IO Experience Design LLC v C & A Mktg. Inc., 220 AD3d 444; cf. Knaus v Peschel, 111 AD2d 748).
The defendants' remaining contention is without merit.
CONNOLLY, J.P., GENOVESI, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court