## O'Mara v Caremount Med., P.C.

2025 NY Slip Op 32772(U)

August 13, 2025

Supreme Court, New York County

Docket Number: Index No. 155005/2023

Judge: Debra A. James

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. DEBRA A. JAMES**    PART   59

*Justice*

------------------------------------------------------------------------------X

MARISA O'MARA,

                      Plaintiff,

                - v -

CAREMOUNT MEDICAL, P.C.,OPTUM MEDICAL CARE,
P.C., and RONEN MARMUR,

                      Defendants.

------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 155005/2023 |
| MOTION DATE | 06/18/2025 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 59, 60, 61, 62, 63, 64

were read on this motion to/for      VACATE NOTE OF ISSUE/STRIKE FROM TRIAL CALENDAR .

ORDER

Upon the foregoing documents, it is

ORDERED that the motion to vacate the note of issue is granted and the note of issue is vacated and the case is stricken from the trial calendar; and it is further

ORDERED that all further discovery in this matter shall be completed within seventy-five (75) days from service of a copy of this order with notice of entry, as follows:

(1)  Plaintiff shall serve answers to the Notice to Admit that defendants resent to plaintiff in January 2025, within twenty days of service of a copy of this order with notice of entry, with no further extensions;

**155005/2023   O'MARA, MARISA vs. CAREMOUNT MEDICAL, P.C. ET AL**      **Page 1 of 4**
**Motion No.  004**

1 of 4

(2)     Defendant shall notice plaintiff for a deposition and plaintiff shall appear within forty (40) days of service of a copy of this order with notice of entry at a mutually agreed upon date and time, and such deposition shall take place no later than thirty days of service of a copy of this order with notice of entry;

(3)  Plaintiff shall serve a notice of deposition upon defendant for the examination before trial of a representative of defendant, with knowledge, which deposition shall take place within fifty (50) days of service of a copy of this order with notice of entry, at a mutually agreed upon date and time, but in no event, no later than (60) days from the service of this order with notice of entry,

(4)  Post examination before trial discovery and inspection of records, sought within five (5) days of completion of subject deposition; and it is further

ORDERED that the counsel shall post on NYSCEF a joint proposed Discovery Status Conference Order or dueling proposed Discovery Status Conference Order(s) at least two days before October 16, 2025, on which date counsel shall appear via Microsoft Teams, unless such appearance, by joint request to IAS Part 59 Clerk (SFC-Part59-Clerk@nycourts.gov), be waived by the court; and it is further

ORDERED that, within fifteen (15) days from the entry of this order, movant shall serve a copy of this order with notice of entry on all parties and upon the Clerk of the General Clerk's Office, who is hereby directed to strike the case from the trial calendar and make all required notations thereof in the records of the court; and it is further

ORDERED that, within fifteen (15) days from completion of discovery as hereinabove directed, the plaintiff and or defendant shall cause the action to be placed upon the trial calendar by the filing of a new note of issue and certificate of readiness (for which no fee shall be imposed), to which shall be attached a copy of this order; and it is further

ORDERED that such service upon the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

## DECISION

This court finds <u>Jablonsky v Nerlich</u>, 189 AD3d 1561 (2d Dept 2020) to be distinguishable on its facts from those at bar, as in that action, plaintiff's deposition had been completed at the time of the filing of the note of issue, and there was no effort on the part of defendant to seek an additional medical examination. Here, plaintiff at all times sought to secure a stipulation from defendant with respect to plaintiff's

155005/2023   O'MARA, MARISA vs. CAREMOUNT MEDICAL, P.C. ET AL         Page 3 of 4
   Motion No.  004

[* 3]

appearance for an examination before time, having secured the records for which defendant sought a protective order.

With respect to an extension of time for plaintiff to respond to the Notice to Admit propounded by defendants, while it would have been better practice for plaintiff's counsel to have informed the court of the need for additional time due to death in his family, the court, on its own motion, extends the time, finding that law office failure accounts for plaintiff's dilatoriness.  See Voigt v Savarino Const Corp, 84 AD3d 1574 (4th Dept 2012).

20250813161052DJAMESBBB046ED38FC4FC88E0498D5FAFA15BD

| 8/13/2025 | | | DEBRA A. JAMES, J.S.C. |
| DATE | | | |

CHECK ONE:    ☐ CASE DISPOSED    ☒ NON-FINAL DISPOSITION

     ☒ GRANTED    ☐ DENIED    ☐ GRANTED IN PART    ☐ OTHER

APPLICATION:    ☐ SETTLE ORDER    ☐ SUBMIT ORDER

CHECK IF APPROPRIATE:    ☐ INCLUDES TRANSFER/REASSIGN    ☐ FIDUCIARY APPOINTMENT    ☐ REFERENCE

**155005/2023   O'MARA, MARISA vs. CAREMOUNT MEDICAL, P.C. ET AL**
**Motion No.  004**

**Page 4 of 4**

[* 4]

4 of 4