Jones v New Two Star, LLC
2026 NY Slip Op 03431
June 3, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Nancy Jones, respondent,
v
New Two Star, LLC, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 3, 2026
2024-06922, 2024-06923, (Index No. 525607/22)
Betsy Barros, J.P.
Cheryl E. Chambers
Linda Christopher
James P. McCormack, JJ.

Eustace, Prezioso, Yapchanyk & Yang (Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY [Christopher Simone, Jonathan P. Shaub, and Payne T. Tatich], of counsel), for appellant.
Harris Keenan & Goldfarb PLLC, New York, NY (Jason Steinberg of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from (1) an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated May 10, 2024, and (2) an order of the same court dated June 10, 2024. The order dated May 10, 2024, insofar as appealed from, denied the defendant's motion to vacate the note of issue and certificate of readiness for trial. The order dated June 10, 2024, insofar as appealed from, in effect, upon reargument, adhered to the determination in the order dated May 10, 2024, denying the defendant's motion to vacate the note of issue and certificate of readiness for trial.
ORDERED that the appeal from the order dated May 10, 2024, is dismissed, as the portion of the order appealed from was superseded by the order dated June 10, 2024, made, in effect, upon reargument; and it is further,
ORDERED that the order dated June 10, 2024, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In September 2022, the plaintiff commenced this action to recover damages for personal injuries she allegedly sustained in April 2022, when she tripped and fell while descending interior stairs located in a building owned by the defendant. In April 2024, the plaintiff filed a note of issue and certificate of readiness for trial (hereinafter together the note of issue), stating, inter alia, that "[d]iscovery proceedings known to be necessary" had been completed, "[p]hysical examinations" had been "[w]aived," and that there were "no outstanding requests for discovery." The defendant timely moved to vacate the note of issue, contending that the note of issue contained incorrect material facts. In an order dated May 10, 2024, the Supreme Court, among other things, denied the defendant's motion. The defendant subsequently moved, inter alia, for leave to reargue its prior motion to vacate the note of issue. In an order dated June 10, 2024, the court, among other things, in effect, upon reargument, adhered to the determination in the order dated May 10, 2024, denying the defendant's prior motion to vacate the note of issue. The defendant appeals.
"A motion to vacate a note of issue is addressed to the sound discretion of the Supreme Court" (Echavarria v Rego Park Gardens Owners, Inc., 240 AD3d 744, 745). Here, the Supreme Court, in effect, upon reargument, properly adhered to its determination denying the defendant's prior motion to vacate the note of issue since the defendant failed to demonstrate that a material fact in the note of issue was incorrect or that the note of issue otherwise failed to comply with the relevant court rules in some material respect at the time it was filed (see 22 NYCRR 202.21[e]; Reid v Green, 236 AD3d 945, 946; Jablonsky v Nerlich, 189 AD3d 1561, 1563). "[T]o vacate [a] note of issue, discovery requests must be legitimate and pending, and not resolved or contrived" (Reid v Green, 236 AD3d at 946 [internal quotation marks omitted]). The defendant failed to proffer a reasonable, uncontrived excuse for its failure to appear for the plaintiff's examination before trial, and thus, the court properly found that the defendant's conduct constituted a waiver of its right to depose the plaintiff (see id.).
Moreover, under the circumstances, the Supreme Court providently exercised its discretion in allowing the action to remain on the trial calendar and directing the plaintiff to appear for independent medical examinations within 60 days of the date of the order dated May 10, 2024 (see Rivera-Martinez v New York City Tr. Auth., 114 AD3d 654, 655; Grossman v Amalgamated Warbasse Houses, Inc., 21 AD3d 448).
Accordingly, the Supreme Court, in effect, upon reargument, properly adhered to its determination denying the defendant's prior motion to vacate the note of issue.
BARROS, J.P., CHAMBERS, CHRISTOPHER and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court